UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HARRIET GOLDSTEIN, Individually and On Behalf of All Others Similarly Situated, | : : : | Case No. 1:11-CV-02598 |
| Plaintiff, | : : | "ECF" Case |
| vs. | : : | |
| MING ZHAO, et al., | : : | |
| Defendants. | : : | |
| LIONEL TALLANT, Individually and On Behalf of All Others Similarly Situated, | : : : | Case No. 1:11-CV-02608 |
| Plaintiff, | : : | "ECF" Case |
| vs. | : : | |
| PUDA COAL, INC., et al., | : : | |
| Defendants. | : : | |
| STEVEN WEISSMANN, Individually and On Behalf of All Others Similarly Situated, | : : : | Case No. 1:11-CV-02609 |
| Plaintiff, | : : | "ECF" Case |
| vs. | : : | |
| PUDA COAL, INC., et al., | : : | |
| Defendants. | : : | |
| ALEXIS ALEXANDER, Individually and On Behalf of All Others Similarly Situated, | : : : | Case No. 1:11-CV-02657 |
| Plaintiff, | : : | "ECF" Case |
| vs. | : : | |
| MING ZHAO, et al., | : : | |
| Defendants. | : | |

| | | |
|---|---|---|
| THOMA ROSENBERGER, Individually and on Behalf of All Others Similarly Situated, | : : : | Case No. 1:11-CV-02660 |
| Plaintiff, | : : | "ECF" Case |
| vs. | : : | |
| PUDA COAL, INC. *et al.*, | : : | |
| Defendants. | : : | |
| DAN KORACH, Individually and On Behalf of All Others Similarly Situated, | : : : | Case No. 1:11-CV-02666 |
| Plaintiff, | : : | "ECF" Case |
| vs. | : : | |
| PUDA COAL, INC., et al., | : : | |
| Defendants. | : : | |
| ALAN GINSBERG, Individually and On Behalf of All Others Similarly Situated, | : : : | Case No. 1:11-CV-02671 |
| Plaintiff, | : : | "ECF" Case |
| vs. | : : | |
| PUDA COAL, INC., et al., | : : | |
| Defendants. | : : | |
| THOMAS KENDALL, Individually and on Behalf of All Others Similarly Situated, | : : : | Case No. 1:11-CV-02695 |
| Plaintiff, | : : : | "ECF" Case |
| vs. | : : | |
| PUDA COAL, INC. *et al.*, | : : | |
| Defendants. | : : | |

**MOVANT CONNIE L. DOUGLASS 1996 REVOCABLE TRUST'S, TRINITY GLOBAL GROWTH & INCOME FUND, L.P.'S, AND GREG AND JANA WOMACK LIVING TRUST'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................ 1

II.  LEGAL ARGUMENT ........................................................................................................ 3

    A.   Consolidation Is Appropriate ..................................................................................... 3

    B.   Movant Should Be Appointed Lead Plaintiff ............................................................. 4

        1.   Notice Was Properly Published Under The PSLRA ......................................... 4

        2.   Movant Should Be Appointed Lead Plaintiff .................................................... 4

            a.   Movant Has Moved For Appointment As Lead Plaintiff Within 60 Days Of Publication Of Notice ............................................................... 5

            b.   Movant Has The Largest Financial Interest In The Relief Sought .......... 6

    C.   Movant Otherwise Satisfies The Requirements Of Fed. R. Civ. P. 23 ............................ 8

        1.   The Claims of Movant Are Typical of the Claims of Other Members of the Class .... 9

        2.   Movant Will Fairly And Adequately Represent The Interests Of The Class ............. 10

        3.   The Court should Approve Movant's Choice of Counsel ......................................... 11

III. CONCLUSION ................................................................................................................ 11

**TABLE OF AUTHORITIES**

**CASES**

*Amb. Bus. Fin. Serv., Inc. Sec. Litig.*, 2004 WL 1221353 (E.D. Pa. 2001) ................................... 7

*Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002) ................................................ 6, 8, 10, 12, 13

*Cell Pathways, Inc. Sec. Litig.*, 203 F.R.D. 189 (E.D.Pa. 2001) ...................................................... 7

*De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) ......................... 10, 11

*Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) ................................... 11

*Fischler v. Amsouth Bancorporation*, 1997 WL 118429, *2 (M.D. Fla. Feb. 6, 1997) ............... 10

*Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996) ........................................ 5

*Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993) .................... 11

*Hurd v. Monsanto Co.*, 164 F.R.D. 234, 239 (S.D. Ind. 1995) ...................................................... 11

*Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D.

   457, 464 (N.D. Cal. 1983) ........................................................................................................ 12

*Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, *4 (N.D. Ill. Aug. 11, 1997) ... 5, 10

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) ............................... 12

*Nice Systems Sec. Litig.*, 188 F.R.D. 206, 215 (D. N.J. 1999) ........................................................ 5

*Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998) .............................. 6

*Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. LeBranche & Co., Inc.*,

   229 F.R.D. 395 (S.D.N.Y. 2004) ......................................................................... 6, 7, 10, 12

*Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) .......................................................... 10

*United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*,

   122 F.R.D. 251, 257 (C.D. Cal. 1988) ............................................................................... 12

*Vicuron Pharmaceuticals, Inc. Sec. Litig.*, 225 F.R.D. 508, 510 (E.D. Pa. 2004) .......................... 7

*Waste Management, Inc. Sec. Litig.*, 128 F.Supp.2d 401, 409 (S.D. Tex. 2000) ........................... 1

*Xianglin Shi v. Sina Corp.*, 2005 WL 1561438 at *2 (S.D.N.Y. July 1, 2005) .............................. 7

**STATUTES**

§15 U.S.C. 78u-4(a)(3)(I)(bb) ................................................................................................... 12

§21D(a)(3)(B)(i), 15 U.S.C. §78u-4(a)(3)(B) (i) ........................................................................ 11

15 U.S.C. § 78u-4(a)(3) ............................................................................................................ 10

15 U.S.C. § 77z-1(a)(3) ............................................................................................. 10, 11, 14, 17

15 U.S.C. § 78u-4(a)(3)(A)(i) ................................................................................................... 10

15 U.S.C. § 78u-4(a)(3)(B) ....................................................................................... 7, 11, 14, 17

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................................. 11

15 U.S.C. § 78u-4(e)(2) ............................................................................................................ 13

15 U.S.C. §78u-4(e)(1) ............................................................................................................. 13

**RULES**

Fed. R. Civ. P. 23(a) ........................................................................................... 9, 11, 14, 15, 16

Fed. R. Civ. P. 42(a) ................................................................................................................... 9

**REGULATIONS**

Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA") ..................... 7

Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act") ......................... 7

Movant Connie L. Douglass 1996 Revocable Trust, Trinity Global Growth & Income Fund, L.P., and Greg and Jana Womack Living Trust ("Movant" or the "Womack Group") submit this Memorandum of Law in support of its Motion for an order: (1) consolidating the above-styled and related actions; (2) appointing Movant as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"); (3) approving Movant' selection of the law firm of Federman & Sherwood as Lead Counsel;[1] and (4) granting such other relief as the Court may deem just and proper.

## I.     INTRODUCTION

Pending before this Court are eight (8) securities class action lawsuits brought by purchasers of the common stock and securities of Puda Coal, Inc. ("Puda" or the "Company") against Puda and certain of its present and former officers and directors: (1) *Thomas Kendal v. Puda Coal, Inc., et al.*, Case No. 1:11-CV-02695; (2) *Thomas Rosenberger v. Puda Coal, Inc., et al.*, Case No. 1:11-CV-02660; (3) *Alan Ginsberg v. Puda Coal, Inc., et al.*, Case No. 1:11-CV-02671; (4) *Alexis Alexander v. Ming Zhao, et al.*, Case No. 1:11-CV-02657; (5) *Steven Weissmann v. Puda Coal, Inc. et al.*, Case No. 1:11-CV-02609; (6) *Lionel Tallant v. Puda Coal, Inc., et al.*, Case No. 1:11-CV-02608; (7) *Harriet Goldstein v. Ming Zhao, et al.* Case No. 1:11-

---

[1] The PSLRA permits any putative class member -- regardless of whether they have filed a complaint – to move for appointment of lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Consequently, Movant is unable to identify those class members that may file competing motions and accordingly oppose this motion.  Courts have held that defendants do not have standing to object to lead plaintiff motions.  *See, e.g.*, *In re Waste Management, Inc. Sec. Litig.*, 128 F.Supp.2d 401, 409 (S.D. Tex. 2000).

CV-02598; and (8) *Dan Korach v. Puda Coal, Inc., et al.*, Case No. 1:11-CV-02666.[2] The Complaints allege the Defendants failed to disclose and misrepresented the following material adverse facts which were either known to the Defendants or were recklessly disregarded despite long-existing deficiencies that should have alerted them: (i) that Ming Zhao, the Company's Chairman and Chief Executive Officer ("CEO") had transferred ownership/shares of Puda's sole operating subsidiary to himself through a series of transactions; (ii) that Ming Zhao sold 49% of Puda's sole operating subsidiary; (iii) that Ming Zhao had pledged a 51% interest in Puda's sole operating subsidiary as collateral for a three year loan; (iv) that as a result, Puda did not possess the ownership interests in its sole operating subsidiary that the Company claimed to possess; (v) that the Company lacked adequate internal and financial controls; and (vi) that, as a result of the foregoing, the Company's statements were materially false and misleading during the Class Period.

As a result of Defendants' materially false and misleading statements the market price of the Company's common stock was inflated during the Class Period and the investors who purchased PUDA stock or took positions in Puda stock options were damaged. Plaintiffs allege claims for securities laws violations pursuant to Sections 10(b) and 20(a) of the Exchange Act.

Movant is the most adequate plaintiffs and class representatives in this action. Movant has satisfied the procedural requirements of the PSLRA. First, Movant is believed to be the moving class member or group of class members with the largest loss and the most appropriate Lead Plaintiff due to the size of its investments in Puda common stock and stock options.

---

[2] In addition, three class action complaints have been filed in the United States District Court for the Central District of California, including: (1) *Ralph Burquist v. Puda Coal, Inc., et al.*, Case No. CV11-03412; (2) *Yanli Lin v. Puda Coal, Inc., et al.*, Case No. CV11-03177; and (3) *Robert Thumith v. Puda Coal, Inc., et al.*, Case No. CV11-04835.

Movant suffered losses of approximately $83,414.50 as a result of its members' transactions in Puda securities during the Class Period.[3]  *See* Exhibits A and B to the Federman Declaration. Second, Movant satisfies the requirements of Fed. R. Civ. P. 23(a). Movant's claims are typical of those of the class. Movant will also adequately represent the class. Movant will actively participate in and vigorously pursue this case and has selected and retained qualified counsel, Federman & Sherwood, to serve as Lead Counsel.

## II.     LEGAL ARGUMENT

**A.     Consolidation Is Appropriate**

Fed. R. Civ. P. 42(a) provides for the consolidation of actions involving a common question of law or fact:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions, it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Movant asks this Court to consolidate the above-captioned related actions presently before the Court, as well as any other action now pending or hereafter filed in or transferred to this Judicial District as a class action on behalf of purchasers of Puda securities which arise out of the same facts as alleged in the above-referenced actions. The class actions currently before the Court are ideally suited for consolidation pursuant to Rule 42, since they present virtually identical claims for relief based upon a single course of conduct.

---

[3]  An investor certification and table setting forth Movant's purchases and sales of Puda common stock and losses, are attached as Exhibits A and B to the Declaration of William B. Federman ("Federman Declaration") filed contemporaneously herewith.  While the last closing price for Puda shares was $6.00, shares still held by Movant' are of no value as trading in Puda shares has been halted for more than two months.  In actuality, Movant losses are much larger, approximately $101,414.50.

B.      **Movant Should Be Appointed Lead Plaintiff**

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3) and 15 U.S.C. § 77z-1(a)(3).

1.      **Notice Was Properly Published Under The PSLRA**

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class Members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i) and 15 U.S.C. § 77z-1(a)(3)(A)(i). On April 14, 2011, the date the initial complaint was filed, Robbins Geller Rudman & Dowd, LLP, the law firm that filed the initial lawsuit, filed a notice over a national newswire, *BusinessWire*, advising putative members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the issuance of the notice. *See* Exhibit C to the Federman Declaration. The notice is sufficient and satisfies the requirements of the PSLRA. *See Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996). National wire services have consistently been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See, e.g., Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, *4 (N.D. Ill. Aug. 11, 1997); *In re Nice Systems Sec. Litig.*, 188 F.R.D. 206, 215 (D. N.J. 1999); *Greebel*, 939 F. Supp. at 62-64.

2.      **Movant Should Be Appointed Lead Plaintiff**

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the court shall consider any

4

motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." §21D(a)(3)(B)(i), 15 U.S.C. §78u-4(a)(3)(B) (i). The PSLRA directs the courts to presume, when appointing lead plaintiffs pursuant to this statute, that the most adequate plaintiff is the person or group of persons that:

    a.    has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];

    b.    in the determination of the court, has the largest financial interest [of those class members moving for lead plaintiff] in the relief sought by the class; and

    c.    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998). The moving class member or group of class members with the largest financial stake in the litigation and who otherwise satisfies the requirements of Fed. R. Civ. P. 23(a), is the presumptive lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. LeBranche & Co., Inc.*, 229 F.R.D. 395 (S.D.N.Y. 2004). As discussed below, Movant satisfies each of the criteria set forth above and is entitled to the presumption that it is the most adequate plaintiff.

    **a.**    **Movant Has Moved For Appointment As Lead Plaintiff Within 60 Days Of Publication Of Notice**

Movant has moved within the statutory 60-day period of the initial PSLRA notice of this lawsuit. This Motion contains the required certification setting forth, *inter alia*, Movant's transactions in Puda securities during the Class Period, and indicates that Movant's members have reviewed the Complaint filed in this action and are willing to serve as the representative

party on behalf of the class. *See* Exhibit A to Federman Declaration. Accordingly, Movant has satisfied this prong of the PSLRA's lead plaintiff criteria.

### b. Movant Has The Largest Financial Interest In The Relief Sought

Section 21D(a)(3)(iii)(I)(bb) of the PSLRA defines the most adequate plaintiff (presumptively) as the "person or group of persons" that, among other things, has "the largest financial interest in the relief sought by the class." §15 U.S.C. 78u-4(a)(3)(I)(bb). Courts have determined the largest financial interest by looking to (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the Class Period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Pirelli*, 229 F.R.D. at 404. However, some courts have determined that the financial loss is the most significant factor in determining the person or group of persons with the largest financial interest in the relief sought. *In re Vicuron Pharmaceuticals, Inc. Sec. Litig.*, 225 F.R.D. 508, 510 (E.D. Pa. 2004); *see e.g., In re Amb. Bus. Fin. Serv., Inc. Sec. Litig.*, 2004 WL 1221353 (E.D. Pa. 2001); *In re Cell Pathways, Inc. Sec. Litig.*, 203 F.R.D. 189 (E.D.Pa. 2001); *see Xianglin Shi v. Sina Corp.*, 2005 WL 1561438 at *2 (S.D.N.Y. July 1, 2005) (appointing lead plaintiff based on largest claimed losses).

"[T]he district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff' – and hence the presumptive lead plaintiff - - the one who has the largest financial interest in the relief sought by the class' . . ." *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). "In so doing, the court may select accounting methods that are both rational and consistent." *Id*. at 730, n.4.

With respect to Section 10(b) claims, Section 21D(e)(1) of the PSLRA provides that when a plaintiff seeks to establish damages by reference to the market price of a security, the award of damages shall not exceed:

6

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C. §78u-4(e)(1).

If a plaintiff sells or repurchases his securities prior to the expiration of the 90-day period, his losses are measured as follows:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

15 U.S.C. § 78u-4(e)(2).

Under the above methodologies for determining damages with respect to Section 10(b) claims Movant have suffered aggregate losses of approximately $83,414.50. See Federman Declaration at Exhibits A and B. Individually, Connie L. Douglass 1996 Revocable Trust suffered losses of approximately $20,800.00. The Greg and Jana Womack Living Trust suffered losses of approximately $6,364.50. The Trinity Global Growth & Income Fund, LP suffered losses of approximately $56,250.00. Because trading has been halted on shares of Puda since April 8, 2011, shares of Puda currently held by Movant are, in actual fact, worthless and Movant's losses are significantly greater, approximately $101,414.50.

As of this filing, Movant is unaware of any motion for appointment as lead plaintiff by a class member that claims to have sustained greater financial losses in connection with the purchase and sale of Puda securities during the Class Period. Nor has Movant received any notice that any potential applicant has greater financial losses resulting from purchases of Puda securities during the Class Period.

Movant believes that they have sustained a greater financial loss in connection with the purchase of Puda securities during the Class Period than any competing lead plaintiff movant. Accordingly, Movant has satisfied this prong of the PSLRA's prerequisites for appointment as Lead Plaintiff.

**C.   Movant Otherwise Satisfies The Requirements Of Fed. R. Civ. P. 23**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1)   the class is so numerous that joinder of all members is impracticable;

(2)   there are questions of law or fact common to the class;

(3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics and/or qualifications of the class representative. Accordingly, in adjudicating a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Fed. R. Civ. P. 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Pirelli*, 229 F.R.D. at 411-12; *In re Cavanaugh*, 306 F.3d at 730; *see, e.g., Lax*, 1997 WL 461036, at *6; *Fischler v. Amsouth*

8

*Bancorporation*, 1997 WL 118429, *2 (M.D. Fla. Feb. 6, 1997). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23(a), thereby justifying its appointment as Lead Plaintiff in this action.

> 1. **The Claims of Movant Are Typical of the Claims of Other Members of the Class**

Rule 23(a)(3) mandates that the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)), *cert. denied*, 506 U.S. 1051 (1993)). Furthermore, factual variations among the claims of the class representatives and class members will not defeat "typicality:"

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente*, 713 F.2d at 232 (citations omitted); *see also Hurd v. Monsanto Co.*, 164 F.R.D. 234, 239 (S.D. Ind. 1995).

Movant's claims are typical of the claims of the other members of the class. Here, Movant: (1) purchased Puda securities during the Class Period at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants; and (2) were damaged by the alleged fraud. Thus, Movant's claims meet the typicality requirement, since questions of liability are common to all class members. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes

9

similar legal arguments to prove the defendant's liability") (citations omitted), *cert. dismissed sub nom., Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993).

### 2. Movant Will Fairly And Adequately Represent The Interests Of The Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 257 (C.D. Cal. 1988); *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D. 457, 464 (N.D. Cal. 1983). So long as the Movant with the largest losses satisfies the typicality and adequacy requirements, they are entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job. *Pirelli*, 229 F.R.D. at 411-12. Once the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff, instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job. *In re Cavanaugh*, 306 F.3d at 732 and n.10. Movant will fairly and adequately represent the class.

First, counsel for the class is well-qualified. Movant has retained counsel with considerable experience in the prosecution of class action and federal securities law claims. *See* Federman & Sherwood resume attached as Exhibit D to the Federman Declaration.

Second, there are no potential conflicts between Movant and the interests of the absent class members. Movant's claims are typical of the claims of the rest of the class. All investors are aligned in the common interest of recovering their damages from Defendants. Movant has

indicated that it will protect the interests of the class, as reflected in Movant's investor certifications. *See* Exhibit A to Federman Declaration.

Finally, Movant is a cohesive group. Greg Womack is the trustee of the Greg and Jana Womack Living Trust as well as the general partner of Trinity Global Growth and Income Fund, LP. Greg Womack is also the president of Womack Investment Advisors, who counts among its clients the Connie L. Douglass 1996 Revocable Trust.

### 3. The Court should Approve Movant's Choice of Counsel

The PSLRA provides that a lead plaintiff shall, subject to court approval, select and retain counsel to represent the class. See 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v). The inquiry is not into the adequacy or fitness of counsel but into the adequacy of plaintiff. *In re Cavanaugh*, 306 F.3d at 733. It is lead plaintiff and not the court that selects counsel. *Id*. at 31-33. Only in rare circumstances should the counsel chosen by lead plaintiff not be approved by the court. *See id*. Movant has selected and retained Federman & Sherwood as Lead Counsel. Federman & Sherwood possesses extensive experience in the areas of securities class action and other complex litigation. *See* Exhibits D to Federman Declaration. The Court can be assured that, in the event this Motion is granted, the members of the class will receive quality legal representation. Accordingly, the Court should approve Movant's selection of Lead Counsel.

### III. CONCLUSION

For the reasons set forth above, the Court should: (1) consolidate the actions referenced in the instant captions; (2) appoint Movant, the Womack Group, including the Connie L. Douglass 1996 Revocable Trust, Trinity Global Growth & Income Fund, L.P., and the Greg and Jana Womack Living Trust as Lead Plaintiff in this action; (3) approve the Womack Group's

selection of Federman & Sherwood as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated: June 13, 2011							Respectfully submitted,

/s/William B. Federman
William B. Federman (WBF9124)
10205 N. Pennsylvania Ave.
Oklahoma City, OK  73120
Telephone:  (405) 235-1560
Fax:  (405) 239-2112
wbf@federmanlaw.com

-and-

2926 Maple Ave., Suite 200
Dallas, TX  75201

13

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2011, a true, correct, and exact copy of the within and foregoing was served by the Electronic Case Filing system to all counsel of record.

                                                                              ___s/William B. Federman_____
                                                                                   William B. Federman