# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| _____ x | |
| DAN KORACH, Individually and On Behalf of All Others Similarly Situated, ) ) | CASE NO. 1:11-CV-2666 (BSJ) |
| ) | |
| Plaintiff, ) ) | <u>CLASS ACTION</u> |
| v. ) ) | |
| PUDA COAL, INC., MING ZHAO,  LIPING ZHU, QIONG WU and YAO ZHAO, ) ) ) | |
| Defendants. ) x | |
| ) | |
| HARRIET GOLDSTEIN, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO. 1:11-CV-2598 (BSJ) |
| PUDA COAL INC., MING ZHAO,  LIPING ZHU, QIONG "LABY" WU, YAO ZHAO, BREAN MURRAY, CARRET & CO., LLC and MACQUARIE CAPITAL (USA) INC., ) ) ) ) ) ) | |
| Defendants. ) x | |

[Captions continued on next page]

### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DONALD WILKINSON AND ROBERT THUMITH FOR CONSOLIDATION, APPOINTMENT AS <u>LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>

|  |  |
|---|---|
| LIONEL TALLANT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, and QIONG WU,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>x |

CASE NO. 1:11-CV-2608 (BSJ)

|  |  |
|---|---|
| STEVEN WEISSMANN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, and QIONG WU,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>x |

CASE NO. 1:11-CV-2609 (BSJ)

|  |  |
|---|---|
| ALEXIS ALEXANDER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MING ZHAO, LIPING ZHU, QIONG WU, JIANFEI NI, C. MARK TANG, LAWRENCE S. WIZEL and PUDA COAL, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>x |

CASE NO. 1:11-CV-2657 (BSJ)

[Captions continued on next page]

|                                                                                          |   |                          |
|------------------------------------------------------------------------------------------|---|--------------------------|
| THOMAS ROSENBERGER, Individually and On Behalf of All Others Similarly Situated,         | ) |                          |
|                                                                                          | ) |                          |
| Plaintiff,                                                                               | ) |                          |
|                                                                                          | ) | CASE NO. 1:11-CV-2660 (BSJ) |
| v.                                                                                       | ) |                          |
|                                                                                          | ) |                          |
| PUDA COAL, INC., LIPING ZHU, QIONG WU, and MING ZHAO,                                    | ) |                          |
|                                                                                          | ) |                          |
| Defendants.                                                                              | ) |                          |
|                                                                                          | x |                          |
| THOMAS AND CLAUDIA KENDALL, Jointly and On Behalf of All Others Similarly Situated,      | ) |                          |
|                                                                                          | ) |                          |
| Plaintiffs,                                                                              | ) | CASE NO. 1:11-CV-2695 (BSJ) |
|                                                                                          | ) |                          |
| v.                                                                                       | ) |                          |
|                                                                                          | ) |                          |
| PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG (LABY) WU, and YAO ZHAO,                   | ) |                          |
|                                                                                          | ) |                          |
| Defendants.                                                                              | ) |                          |
|                                                                                          | x |                          |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

I.    INTRODUCTION ..................................................................................... 1

II.   FACTUAL BACKGROUND ..................................................................... 2

III.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED ......................... 4

IV.   MR. WILKINSON AND MR. THUMITH SHOULD BE APPOINTED LEAD
      PLAINTIFF ............................................................................................ 5

      A.    The PSLRA's Lead Plaintiff Procedural Prerequisites Have Been Met ................ 6

      B.    Mr. Wilkinson and Mr. Thumith Satisfy the Lead Plaintiff Requirements  of the
            PSLRA ................................................................................... 7

            1.    Mr. Wilkinson and Mr. Thumith Have the Requisite Financial Interest In
                  the Relief Sought By the Class .......................................... 7

            2.    Mr. Wilkinson and Mr. Thumith Otherwise Satisfy Rule 23 ............... 8

V.    MR. WILKINSON'S AND MR. THUMITH'S CHOICE OF LEAD COUNSEL
      SHOULD BE APPROVED ........................................................................ 12

VI.   CONCLUSION ....................................................................................... 13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<small>ASES</small>

*Babcock v. Computer Assocs. Int'l, Inc.*,
  212 F.R.D. 126 (E.D.N.Y. 2003) ..................................................................8, 9

*Bang v. Acura Pharms., Inc.*,
  No. 10 C 5757, 2011 U.S. Dist. LEXIS 2550 (N.D. Ill. Jan. 11, 2011).......................9, 10, 11

*Chilton v. Smith Barney Fund Mgmt. LLC*,
  365 F. App'x. 298 (2d Cir. 2010) ..................................................................1

*Friedman v. Quest Energy Partners LP*,
  261 F.R.D. 607 (W.D. Okla. 2009).................................................................11

*Hufnagle v. Rino Int'l Corp.*,
  No. CV 10-8695, 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14, 2011)..........................4

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .......................................................................12

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)..........................................................................7

*In re Oxford Health Plans, Inc. Securities Litig.*,
  199 F.R.D. 119 (S.D.N.Y. 2001) ...................................................................10

*In re Priceline.com, Inc.*,
  236 F.R.D. 89 (D. Conn. 2006).....................................................................10

*In re Scientific-Atlanta, Inc. Sec. Litig.*,
  571 F. Supp. 2d 1315 (N.D. Ga. 2007) ...........................................................10

*Moskowitz v. Lopp*,
  128 F.R.D. 624 (E.D. Pa. 1989).....................................................................10

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ..............................................................6, 8, 9

*Priest v. Zayre Corp.*,
  118 F.R.D. 552 (D. Mass. 1988).....................................................................8

*Rossini v. Ogilvy & Mather, Inc.*,
  798 F.2d 590 (2d Cir. 1986)...........................................................................8

*Sczesny Trust v. KPMG LLP*,
  223 F.R.D. 319 (S.D.N.Y. 2004) ............................................................................9

*Tolan v. Computervision Corp.*,
  696 F. Supp. 771 (D. Mass. 1988) .......................................................................10

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)...................................................................7

## STATUTES

15 U.S.C. § 77z-1(a) ........................................................................... *passim*

15 U.S.C. § 78u-4(a) ........................................................................... *passim*

## RULES

Fed. R. Civ. P. 23 ................................................................................ *passim*

## I.    INTRODUCTION

Donald Wilkinson and Robert Thumith (collectively "Movant"), respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order: (1) consolidating related actions; (2) appointing Donald Wilkinson and Robert Thumith as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Movant's selection of Milberg LLP ("Milberg") as Lead Counsel in this action and in any subsequently filed and/or related cases; and (4) granting such other and further relief as the Court may deem just and proper.[1]

Pursuant to the PSLRA, the Court should appoint as lead plaintiff the movant with the largest financial interest in the relief sought by the class that also meets the adequacy and typicality prongs of Fed. R. Civ. P. 23.  *See Chilton v. Smith Barney Fund Mgmt. LLC*, 365 F. App'x. 298, 299 (2d Cir. 2010) ("The plaintiff with the 'largest financial interest in the relief sought by the class' and who 'otherwise satisfies the requirements of [Fed. R. Civ. P.] 23' is presumptively the most adequate plaintiff." (internal citations omitted)).  During the Class Period,[2] Mr. Wilkinson and Mr. Thumith lost approximately $869,540[3] due to defendants'

---

[1]  In addition to the above-captioned action, there are three related securities class action lawsuits filed in the United States District Court for the Central District of California (the "California Actions"), captioned: *Lin v. Puda Coal, Inc.,* No. CV 11-03177 JHN (JCx) (filed Apr. 14, 2011); *Burquist v. Puda Coal, Inc.*, No. CV 11-03412 JHN (JCx) (filed Apr. 21, 2011); and *Thumith v. Puda Coal, Inc.*, No. CV 11-04835 JHN (JCx) (filed June 7, 2011).  The *Thumith* action is also on behalf of all sellers of Puda Put Options during the class period.  Movant has filed a parallel lead plaintiff motion in the California Actions.

[2] The Class Period is November 13, 2009 through April 11, 2011.

[3] This loss amount is based on the assumption that the current value of the stock is zero.  Trading has been halted at $6.00 since April 11, 2011, and now that the market is aware that the Company is an empty shell with no assets, the share price would certainly plunge to zero or close to zero were trading allowed to resume.

misconduct. Movant believes that it has the largest financial interest of any other movant, is typical, and will more than adequately represent the interests of the Class.[4] Mr. Wilkinson's and Mr. Thumith's selection of Milberg as Lead Counsel should be approved by the Court because Milberg has extensive experience in spearheading securities class actions, including many within this District, and will adequately represent the Class.

## II.    FACTUAL BACKGROUND[5]

This securities class action is brought against Puda Coal Inc. and certain of the Company's officers and directors for violations of the Securities Exchange Act of 1934 (the "1934 Act"), and against Puda and certain of the Company's officers, directors and underwriters for violations of the Securities Act of 1933 (the "1933 Act") relating to a securities offering in on or about December 8, 2010.[6]

---

[4]   The PSLRA sets forth the procedure that must be followed for the selection of lead plaintiff and lead counsel, and mandates a deadline of June 13, 2011. *See infra* at 5.

[5] The factual allegations are from the complaint captioned *Burquist v. Puda Coal, Inc.*, No. CV 11-03412 JHN (JCx) (C.D. Cal. filed Apr. 21, 2011).

[6]   Individual defendants to all the actions include Ming Zhao a Co-Founder of Puda who was, at all relevant times, Chairman of the Company's Board of Directors (the "Board") and Chief Executive Officer ("CEO") of Shanxi Coal; Liping Zhu ("Zhu") who was, at all relevant times, the Company's President and CEO, as well as a Director of the Board; and Qiong Wu ("Wu") who was, at all relevant times, the Company's Chief Financial Officer ("CFO"). The *Goldstein* action also names Defendant Underwriters Brean Murray, Carret & Co., LLC and MacQuarie Capital (USA) Inc. and seeks to pursue remedies under the Securities Act of 1933 (the "Securities Act") on behalf of purchasers of Puda securities who acquired those securities pursuant or traceable to the Company's equity offering on December 8, 2010. Various S.D.N.Y. Actions also include Yao Zhao, the brother of Ming Zhao and a manager and beneficial owner of Puda; and the *Alexander* S.D.N.Y. action includes as defendants: Jianfei Ni ("Ni"), a Puda director since June 29, 2007; C. Mark Tang ("Tang"), a Puda director since October 9, 2007; and Lawrence S. Wizel, a Puda director since August 3, 2007.

Puda is a supplier of premium high grade cleaned coking coal used to produce coke for steel manufacturing in the People's Republic of China (the "PRC" or "China").  The Company is incorporated in Delaware and headquartered in Taiyuan, Shanxi Province, China.

Puda operations are "conducted exclusively" by an entity in China, Shanxi Puda Coal Group Co., Ltd. ("Shanxi Coal"), which, according to Puda's SEC filings, is controlled by Puda through a 90% indirect equity ownership.  Shanxi Coal owns all of the Company's mining assets, coal washing plants, cash and receivables.

On April 8, 2011, Alfred Little ("Little"), an investor who researches and blogs about Chinese companies, reported that contrary to Puda's representations, Puda did not actually indirectly own Shanxi Coal.  Instead, the Chairman of Puda, defendant Ming Zhao ("Zhao") transferred Shanxi Coal to himself, thereby rendering Puda an empty shell company.

Also on April 8, 2011, Puda issued a press release announcing that it was reviewing the allegations regarding improper share transactions by Defendant Zhao.

In reaction to this news and Little's report, shares of Puda's stock fell $3.10 per share, or over 34 percent, to close at $6.00 per share, on extremely heavy trading volume.

On the next trading day, April 11, 2011, the Company issued a press release stating that, "[a]lthough the investigation is in its preliminary stages, evidence supports the allegation that there were transfers by Mr. Zhao in subsidiary ownership that were inconsistent with disclosure made by the Company in its public securities filings.  Mr. Zhao has agreed to a voluntarily leave of absence as Chairman of the Board of the Company until the investigation is complete."

In response to the above announcement, the NYSE Amex halted trading in the Company's stock on April 11, 2011. The stock has not resumed trading since then and is presently worthless.

Defendants' materially false and misleading statements during the Class Period resulted in Movant and other members of the Class purchasing the Company's common stock, or selling Puda put options, at artificially inflated prices, thus causing damages to the Movant and the Class.

## III.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Pursuant to the PSLRA, the Court should first rule on motions to consolidate before addressing the lead plaintiff/lead counsel issues.   *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a).

The actions pending before this Court are suited for consolidation.   The class action complaints are all brought by purchasers of Puda common stock.   The complaints allege identical class periods and contain similar allegations charging Defendants with making false and misleading statements concerning the Company's financials and certain related party transactions.

"Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money."   *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695, 2011 U.S. Dist. LEXIS 19771, at *6-7 (C.D. Cal. Feb. 14, 2011) (Fairbank, J.).   Although the Actions are not identical, their common factual and legal bases, including identical class periods, similar legal claims, and substantially similar Defendants, warrant consolidation of the Actions.

4

## IV.    MR. WILKINSON AND MR. THUMITH SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA establishes a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and 15 U.S.C. § 78u-4(a)(3)(B)(i); 15 U.S.C. § 77z-1(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a) (3)(A)(i); 15 U.S.C. § 77z-1(a)(3)(A)(i).  The Plaintiff in the first-filed action caused notice to be published on Business Wire on April 14, 2011.  *See* Declaration of Andrei V. Rado ("Rado Decl.") Ex. A (PSLRA Notice).

Second, within 60 days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a) (3)(A) and (B); 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Pursuant to the PSLRA, the lead plaintiff should be the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B), 15 U.S.C. § 77z-1(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that:
>
> (aa)  has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

5

15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii).  *See generally Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 403-04 (S.D.N.Y. 2004) (Sweet, J.).

Mr. Wilkinson and Mr. Thumith believe that their loss of $869,724 due to Defendants' wrongful conduct represents the largest financial interest of any other movant.  Mr. Wilkinson and Mr. Thumith are also typical and will more than adequately represent the interests of the Class as required under Fed. R. Civ. P. 23.  *See* Rado Decl., Exs. B, C and D (Certifications and Loss Charts).  As discussed in further detail below, because Mr. Wilkinson and Mr. Thumith satisfy the requirements of the PSLRA the Court should appoint them as Lead Plaintiff.

**A.      The PSLRA's Lead Plaintiff Procedural Prerequisites Have Been Met**

The time period in which class members may move to be appointed Lead Plaintiff in this case expires on June 13, 2011. *See* 15 U.S.C. § 78u-4(a)(3)(A) and (B); 15 U.S.C. § 77z-1 (a)(3)(A) and (B).  Movant's application, filed June 13, 2011, is thus timely.  Movant Robert Thumith has filed a complaint in the United States District Court for the Central District of California and Movant Donald Wilkinson has reviewed a complaint against Puda.  Both are willing to serve as representative parties on behalf of the Class.  *See* Rado Decl., Exs. B, C, and E (Certifications of Mr. Wilkinson and Mr. Thumith and Joint Declaration).  In addition, Mr. Wilkinson and Mr. Thumith have selected and retained competent counsel to represent them and the Class.  *See* Rado Decl., Ex. F (attaching firm résumé of Milberg).

Accordingly, Mr. Wilkinson and Mr. Thumith have satisfied the individual requirements of both 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiff, and their selection of Milberg as Lead Counsel, approved by the Court.

**B.     Mr. Wilkinson and Mr. Thumith Satisfy the Lead Plaintiff Requirements of the PSLRA**

**1.     Mr. Wilkinson and Mr. Thumith Have the Requisite Financial Interest In the Relief Sought By the Class**

Pursuant to the PSLRA, identification of the most adequate plaintiff "begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.' " *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (quoting 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb)).   Mr. Wilkinson and Mr. Thumith believe that they have the largest financial interest.

The PSLRA does not prescribe a particular method for calculating the largest financial interest.  In that regard, courts utilize the following four factors to determine financial interest in other PSLRA actions: (1) the number of shares purchased, (2) the number of net shares purchased, (3) the amount of net funds expended, and (4) the approximate monetary loss.  *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)

Mr. Wilkinson's and Mr. Thumith's financial interest reflecting these factors is presented below:

| | Total Shares Purchased and/or Contracted to Purchase during the Class Period | Number of Class Period Shares sold | Net Shares Purchased, or Contracted to Purchase, Prior to Disclosure | Money spent (and for Thumith anticipated to be spent on Purchases) | Money from Shares sold in CP | Net Funds Expended and Anticipated to be Expended on Contracted Purchases | Approximate Loss (based on $0.00 Hold) |
|---|---|---|---|---|---|---|---|
| **Mr. Wilkinson** | 80,000 | 10,000 | 70,000 | 767,780 | 129,455 | $638,324.64 | $638,324.64 |
| **Mr. Thumith** | 66,600 | 34,600 | 32,000[7] | 654,301 | 423,086 | $231,215.12 | $231,215.12 |

---

[7] 1,000 of these shares were directly purchased (non-put options), 14,000 of these shares have been put to Mr. Thumith, and 17,000 of these shares will be put to Mr. Thumith on or before their expiration dates in August and November. *See* Rado Decl. Ex. D.

7

Mr. Wilkinson and Mr. Thumith believe that their trading in Puda shares and put options and the losses from such investments are greater than those of all other qualified movants seeking appointment as lead plaintiff.

### 2.     Mr. Wilkinson and Mr. Thumith Otherwise Satisfy Rule 23

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412; *Babcock v. Computer Assocs. Int'l, Inc.*, 212 F.R.D. 126, 130 (E.D.N.Y. 2003).  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted that determines whether the class representatives are typical.  *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) (" 'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members' ") (citation omitted).  The requirement that the proposed

class representatives' claims be typical of the claims of the class does not mean that the claims must be identical.  *See Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412.

Mr. Wilkinson and Mr. Thumith satisfy this requirement because, just like all other Class members, they: (1) purchased Puda common stock, or sold Puda put options, at prices artificially inflated as a result of the allegedly materially false and misleading statements issued by defendants; and (2) suffered damages thereby.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class."  The standard for adequacy of representation under Rule 23(a)(4) is met by:  (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation.  *Babcock*, 212 F.R.D. at 131 (citation omitted).

Here, Mr. Wilkinson and Mr. Thumith are adequate representatives of the class.  As evidenced by the injury suffered by Mr. Wilkinson and Mr. Thumith, the interests of Mr. Wilkinson and Mr. Thumith are clearly aligned with the interests of the members of the Class, and there is no evidence of any antagonism between Mr. Wilkinson's and Mr. Thumith's interests and those of the other members of the Class.

Mr. Wilkinson's and Mr. Thumith's significant financial interest in the matter clearly aligns them with the interests of the other members of the Class and will ensure "zealous advocacy," such that the interests of all class members are adequately represented.  *See Bang v. Acura Pharms., Inc.*, No. 10 C 5757, 2011 U.S. Dist. LEXIS 2550, at *12 (N.D. Ill. Jan. 11, 2011) (appointing a group of three investors, noting that the group "represents a presumptively effective group."); *see also Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004)

9

(citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998) (The court has the discretion to appoint more than one lead plaintiff and can aggregate the losses suffered by that group of investors under the PSLRA).

Not only is there no evidence of antagonism between Mr. Wilkinson and Mr. Thumith and the other Class members, but Mr. Wilkinson and Mr. Thumith have a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss of approximately $869,540 that Mr. Wilkinson and Mr. Thumith have suffered as a result of the wrongful conduct alleged in this action. Like all class members, Mr. Wilkinson and Mr. Thumith purchased Puda stock, or sold Puda put options, respectively, during the Class Period at times when the price of Puda stock was inflated, and suffered economic harm when the truth was revealed. *See* Rado Decl., Ex. D. Mr. Wilkinson's $638,324 loss and Mr. Thumith's $231,215 loss indicates they have the incentive to represent the claims of the class vigorously. *Id.*[8] This motivation, combined with the Mr. Wilkinson's and Mr. Thumith's identical interests with the members of the Class, and their extensive experience in class action litigation, demonstrates that they will vigorously pursue the interests of the Class.

Mr. Wilkinson and Mr. Thumith have submitted a sworn certification confirming their desire, willingness and ability to serve as lead plaintiff. *See* Rado Decl., Exs. B and C.

---

[8] *See In re Scientific-Atlanta, Inc. Sec. Litig.*, 571 F. Supp. 2d 1315, 1329-30 (N.D. Ga. 2007), "A put options seller, like the purchaser of stock, generally profits only when a stock maintains or increases its value. That is so because the option buyer has no reason to exercise the option unless the stock price declines. If the stock price maintains or increases, and the option expires without the buyer electing to exercise, then the seller profits the premium paid for the option." Therefore "a put options seller, upon proof of market efficiency in the underlying stock, is generally entitled to a rebuttable presumption of reliance. *See In re Priceline.com, Inc.*, 236 F.R.D. 89, 100 (D. Conn. 2006) (finding put options trader presumptively relied on integrity of market price in underlying stock and thus was adequate and typical class representative); *cf. Tolan v. Computervision Corp.*, 696 F. Supp. 771, 779 (D. Mass. 1988) ("Traders in puts and calls rely on the integrity of the information disseminated in the market just as do purchasers and sellers of the underlying security."); *In re Oxford Health Plans, Inc. Securities Litig.*, 199 F.R.D. 119, 123-24 (S.D.N.Y. 2001) (holding that options traders were typical and adequate class representatives in action proceeding under fraud on the market theory); *Moskowitz v. Lopp*, 128 F.R.D. 624, 631 (E.D. Pa. 1989) (holding that options trader could rely upon the fraud on the market presumption and was an adequate class representative)." *Id.*

Moreover, Mr. Wilkinson and Mr. Thumith have submitted a Joint Declaration explaining why they decided to move jointly, and establishing that they have spoken to one another about the motion and the case <u>prior</u> to making their motion. The Joint Declaration also discusses the procedures they will follow to ensure they act in the best interests of the Class, and establishes that they will actively monitor counsel, and that they will zealously pursue the prosecution of this matter throughout the litigation if they are selected to represent the Class. *See* Rado Decl., Ex. E.

Mr. Wilkinson and Mr. Thumith create a small, cohesive group of only 2 members. The PSLRA contemplates a court appointing as lead plaintiff "the member or members of the purported plaintiff class" that the court determines to be the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added). A joint motion with only two movants is cohesive and can work effectively as a lead plaintiff. *See*, *e.g.*, *Bang*, 2011 U.S. Dist. LEXIS 2550, at *12 (appointing a group of three unrelated investors, noting that the group "represents a presumptively effective group."); *See also Friedman v. Quest Energy Partners LP*, 261 F.R.D. 607, 614 (W.D. Okla. 2009) (lead plaintiff group composed of three individual investors "is small enough that coordinated decision making will not present any difficulties").

Mr. Wilkinson and Mr. Thumith are not subject to unique defenses and are not aware of any conflicts between their claims and those asserted by the class.

In addition, as shown below, Mr. Wilkinson and Mr. Thumith have selected a law firm that is highly experienced in prosecuting securities class actions to represent Mr. Wilkinson and Mr. Thumith and the Class.  Thus, Mr. Wilkinson and Mr. Thumith *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## V.     MR. WILKINSON'S AND MR. THUMITH'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

As the presumptive Lead Plaintiff, Mr. Wilkinson's and Mr. Thumith's selection of the law firm of Milberg to serve as Lead Counsel, pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v), should be approved by the Court.  Mr. Wilkinson's and Mr. Thumith's choice of lead counsel satisfies the requirements of the PSLRA.  Pursuant to 15 U.S.C § 77z-1(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class.  The Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).  *See also In re Cavanaugh*, 306 F.3d 726, 739 (9th Cir. 2002).  Mr. Wilkinson and Mr. Thumith have selected and retained Milberg to serve as Lead Counsel for the Class.  Milberg possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors.  *See* Rado Decl. Ex. F (firm résumé of Milberg).

Milberg has served as lead or co-lead counsel in many high-profile class actions, and has recovered billions of dollars for investors.  *In re Tyco Int'l Ltd., Sec. Litig*., MDL No. 02-1335-B (D.N.H. 2002) ($3.2 billion); *In re Nortel Networks Corp., Sec. Litig.*, No. 01-CV-1855 (S.D.N.Y.) ($1.1 billion); *In re Lucent Techs., Inc., Sec. Litig*., No. 00-CV-621 (D.N.J.) ($600 million settlement); *In re Raytheon Sec. Litig*., 99-CV-12142 (E.D. Mass.) ($460 million settlement); *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02-CV-7527 (N.D. Ill.) ($215 million settlement); and *In re Initial Public Offering Securities Litigation*, No. 21-92 (S.D.N.Y.) (Scheindlin, J.) in which Milberg, as a member of the court-appointed Plaintiffs' Executive Committee, oversaw the efforts of approximately 60 plaintiffs' firms in 310 consolidated securities actions arising from an alleged market manipulation scheme.  In granting final approval to a $586 million settlement on October 5, 2009, the court described the law firms

12

comprising the Plaintiffs' Executive Committee as the "cream of the crop."  *See also* Rado Decl. Ex. F (firm résumé of Milberg).

Milberg has the resources required to lead this complex litigation to conclusion.  Milberg has over 70 lawyers with a variety of professional backgrounds, including former judges, professors, prosecutors, private defense attorneys, and government lawyers. Milberg's professional staff also includes a team of full-time investigators, who are managed by a 27-year veteran of the Federal Bureau of Investigation, and full-time forensic accountants.  In one case, Milberg's investigative team assisted counsel in being "at least eighteen months ahead of the United States Department of Justice in ferreting out," the challenged unlawful conduct.  *In re Rite Aid Corp. Sec. Litig.*, 269 F. Supp. 2d 603, 611 (E.D. Pa. 2003).  Milberg also has a team of in-house electronic discovery experts.  This in-house discovery capability provides the attorneys on the case with immediate access to and control over the discovery process not available with outside vendors, and will keep costs down.  Milberg's staying power is demonstrated by its track record and is reflective of its resources.  As lead counsel Milberg is ready to commit the same level of resources to this litigation to the benefit of the Class.

## VI.    CONCLUSION

For the reasons stated above, Mr. Wilkinson and Mr. Thumith satisfy the requirements of the PSLRA for appointment as the most adequate plaintiff in this action and should be appointed lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)..  As the most adequate plaintiff, Mr. Wilkinson and Mr. Thumith respectfully request that the Court: (1) consolidate the Related Actions; (2) appoint Mr. Wilkinson and Mr. Thumith as Lead Plaintiff pursuant to the PSLRA; (3) approve Mr. Wilkinson's and Mr. Thumith's selection of Milberg LLP as Lead Counsel in this action and in any subsequently filed and/or related cases; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: June 13, 2011                  Respectfully submitted,

                                      */s/ Andrei V. Rado*

                                      Andrei V. Rado
                                      Elizabeth S. Metcalf
                                      **MILBERG LLP**
                                      One Pennsylvania Plaza, 49th Floor
                                      New York, New York  10119
                                      Telephone: (212) 594-5300
                                      Facsimile:  (212) 868-1229
                                      E-mail:  arado@milberg.com
                                               emetcalf@milberg.com

                                      ***Counsel For Mr. Wilkinson and Mr. Thumith and [Proposed] Lead Counsel for the Class***