UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRIET GOLDSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG "LABY" WU, YAO ZHAO, BREAN MURRAY, CARRET & CO., LLC and MACQUARIE CAPITAL (USA) INC.,<br><br>　　　　　Defendants. | Civil Action No. 1:11-cv-02598-BSJ |
| LIONEL TALLANT, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, and QIONG WU,<br><br>　　　　　Defendants. | Civil Action No. 1:11-cv-2608-BSJ |
| STEVEN WEISSMANN, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, and QIONG WU,<br><br>　　　　　Defendants. | Civil Action No. 1:11-cv-02609-BSJ |

[captions continued]

**MEMORANDUM OF LAW IN SUPPORT OF PUDA COAL INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS <u>LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF CO-LEAD COUNSEL</u>**

| | |
|---|---|
| ALEXIS ALEXANDER, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>MING ZHAO, LIPING ZHU, QIONG WU, JIANFEI NI, C. MARK TANG, LAWRENCE S. WIZEL, and PUDA COAL, INC.<br><br>                Defendants. | Civil Action No. 1:11-cv-02657-LAK |
| THOMAS ROSENBERGER, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>PUDA COAL, INC., LIPING ZHU, QIONG WU, and MING ZHAO,<br><br>                Defendants. | Civil Action No. 1:11-cv-02660-BSJ |
| DAN KORACH, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>PUDA COAL, INC. MING ZHAO LIPING ZHU, QIONG WU, and YAO ZHAO,<br><br>                Defendants. | Civil Action No. 1:11-cv-02666-BSJ |
| THOMAS AND CLAUDIA KENDALL, Jointly And On Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG (LABY) WU, and YAO ZHAO,<br><br>                Defendants. | Civil Action No. 1:11-cv-02695-BSJ |

N&D Faulkner, Ltd., A. David Flor, Jan Louis Brandewie, Avadhesh Agarwal and Michael Kiel (collectively, "Puda Coal Investor Group") respectfully submits this memorandum of law in support of its Motion for: (i) consolidation of related actions; (ii) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78u-4(a)(3)(B) and 77z-1(a)(3)(B); and (iii) approval of its selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") and Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as co-lead counsel.

## I.   PRELIMINARY STATEMENT

Presently pending in this district are at least seven securities class action lawsuits (the "Actions") brought on behalf of purchasers of Puda Coal, Inc. ("Puda Coal" or the "Company") securities between September 15, 2009 and April 11, 2011 (the "Class Period").[1]  The Actions against Puda Coal and certain of its officers and directors allege violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").[2]

The Actions should be consolidated because they involve common issues of law and fact. *See* Fed. R. Civ. P. 42(a) ("Rule 42(a)"); § III.A., *infra*.  After the Court's ruling on consolidation, Puda Coal Investor Group should be selected as lead plaintiff because, to the best of its knowledge, it has the largest financial interest in the relief sought by the class.  As the movant with the largest financial interest that otherwise meets the applicable requirements of Rule 23 of the Federal Rules of

---

[1]   Additionally, at least three related securities lawsuits against Puda Coal have been filed in the Central District of California. Puda Coal Investor Group is also moving for appointment as lead plaintiff in the Central District of California. *Rosenberger v. Puda Coal, Inc., et al.*, Case No. 11-cv-02660-BSJ (S.D.N.Y.) asserts a class period of September 15, 2009 – April 8, 2011.  Other actions allege class periods of November 13, 2009 – April 8, 2011 or November 13, 2009 – April 11, 2011.  The longest class period is used for purposes of calculating the Puda Coal Investor Group's losses. *See Bhojwani v. Pistiolis*, 06-cv-13761, 2007 U.S. Dist. LEXIS 52139, at *14 (S.D.N.Y. 2007).

[2]   For the purposes of this memorandum of law, the PSLRA provisions set forth in the Exchange Act are cited and citations to the Securities Act are omitted, as they are redundant.

Procedure ("Rule 23"), Puda Coal Investor Group believes it is entitled to appointment as lead plaintiff. Further, Puda Coal Investor Group respectfully requests the Court approve its selection of co-lead counsel. *See* § III.C, *infra*; *Kaplan v. Gelfond*, 240 F.R.D. 88, 96 (S.D.N.Y. 2007) ("the PSLRA directs the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval") (citing 15 U.S.C. § 78u-4(a)(3)(B)(v)).

## II.   FACTUAL BACKGROUND

Puda Coal purports to be a supplier of premium high grade cleaned coking coal used in the manufacturing of steel in the People's Republic of China ("China"). Puda Coal is a Delaware corporation that is headquartered in Shanxi Province, China. Prior to being halted on April 11, 2011, the Company's common shares traded on the NYSE AMEX under the ticker "PUDA."

During the Class Period, which begins on September 15, 2009, Puda Coal represented that its operations were "conducted exclusively" through Shanxi Puda Coal Group Co., Ltd. ("Shanxi Coal"). According to the Company's November 13, 2009 Form 10-Q, Puda Coal had a 90% ownership stake in Shanxi Coal through one of the Company's wholly-owned subsidiaries. Through this ownership structure, Shanxi Coal owned all of the Company's mining assets, coal washing plants, cash, and receivables. These representations were repeated in subsequent Class Period filings with the Securities and Exchange Commission ("SEC") including filings that were incorporated into the Company's February 18, 2010 and December 8, 2010 public offerings of common stock. These offerings allowed the Company to generate over $115 million in proceeds.

On April 8, 2011, through a report written by Alfred Little, a stock market analyst, investors learned that Puda Coal's Chairman, defendant Ming Zhao, had secretly entered into a series of related party transactions to "steal" half of Puda Coal's ownership interest in Shanxi Coal and pledge the remaining half of the Company's ownership interest to CITIC Trust Co., Ltd., a Chinese private equity fund. According to the report, Puda Coal's current ownership interest in Shanxi Coal is only 45.9% and is encumbered by a $530 million loan from CITIC. On this news the Company's shares declined $3.10 per share—approximately 34%—to close at $6.00 per share on April 8, 2011.

2

On the following trading day, April 11, 2011, trading of Puda Coal shares was halted and the Company issued a statement indicating that "[a]lthough the investigation is in its preliminary stages, evidence supports the allegation that there were transfers by Mr. Zhao in subsidiary ownership that were inconsistent with disclosure made by the Company in its public securities filings." The Company also announced that "Mr. Zhao has agreed to a voluntarily leave of absence as Chairman of the Board of the Company until the investigation is complete. Trading of the Company's shares has not yet resumed.[3]

### III. ARGUMENT

#### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). There are at least seven related securities class actions pending in this District on behalf of investors who purchased Puda Coal securities during the Class Period:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Goldstein v. Puda Coal, Inc., et al.* | 11-cv-02598-BSJ | April 15, 2011 |
| *Tallant v. Puda Coal, Inc., et al.* | 11-cv-02608-BSJ | April 15, 2011 |
| *Weissmann v. Puda Coal, Inc., et al.* | 11-cv-02609-BSJ | April 15, 2011 |
| *Alexander v. Zhao, et al.* | 11-cv-02657-LAK | April 19, 2011 |
| *Rosenberger v. Puda Coal, Inc., et al.* | 11-cv-02660-BSJ | April 19, 2011 |
| *Korach v. Puda Coal, Inc., et al.* | 11-cv-02666-BSJ | April 14. 2011 |
| *Kendall, et al. v. Puda Coal, Inc., et al.* | 11-cv-02695-BSJ | April 20, 2011 |

---

[3] Given that trading has not resumed, Puda Coal Investor Group has valued retained shares purchased during the Class Period at $0 per share.

3

Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact. *See Kaplan*, 240 F.R.D. at 90-91. Here, the Related Actions present virtually identical factual and legal issues arising out of the same alleged course of misconduct and involve the purchase of Puda Coal securities by investors at artificially inflated prices during the Class Period. Accordingly, consolidation is appropriate. *See Kaplan*, 240 F.R.D. at 91.

### B. The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedures for selecting a lead plaintiff in class action lawsuits alleging violations under the federal securities laws. *See* 15 U.S.C. § 78u-4(a).

First, the plaintiff who files the initial action must publish a notice within twenty days of filing, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, within sixty days of the publication of notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Third, the PSLRA provides that within ninety days after publication of notice, courts shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)  has either filed the complaint or made a motion in response to a notice…;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Kaplan*, 240 F.R.D. at 92; *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 118-19 (S.D.N.Y. 2010) (appointing group of investors lead plaintiff).

  Here, *Korach v. Puda Coal, Inc., et al.*, 11-cv-02666-BSJ, was filed on April 14, 2011. Notice of the *Korach* action was published on *Business Wire* on April 14, 2011. *See* Declaration of Frederic S. Fox dated June 13, 2011 in Support of Puda Coal Investor Group's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Its Selection of Co-Lead Counsel ("Fox Decl.") Ex. K. Thus, the time period in which class members may move to be appointed lead plaintiff in this case expires on June 13, 2011. *See* 15 U.S.C. § 78u-4(a)(3)(A). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Puda Coal Investor Group timely moves this Court to be appointed lead plaintiff on behalf of all members of the class. *See Kaplan*, 240 F.R.D. at 92. In addition, Puda Coal Investor Group has selected and retained counsel experienced in the prosecution of securities class actions to represent the class. *See* Fox Decl., Exs. L-M. Accordingly, Puda Coal Investor Group satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff.

  **C.** **Puda Coal Investor Group is the "Most Adequate Plaintiff"**

    **1.** **Puda Coal Investor Group has the Largest Financial Interest in the Relief Sought by the Class**

  Puda Coal Investor Group suffered losses of approximately $1,172,337 in connection with its Class Period transactions in Puda Coal securities. *See* Fox Decl., Exs. F-J. To the best of its knowledge, Puda Coal Investor Group's loss represents the largest financial interest in the relief sought by the class. *See Kaplan*, 240 F.R.D. at 93-94.

### 2. Puda Coal Investor Group Satisfies Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:  "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Although Rule 23 consists of four requirements, at this stage of the litigation, a movant "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23."  *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *see also Shi v. SINA Corp.*, 05-cv-2154, 2005 U.S. Dist. LEXIS 13176, at *7-8 (S.D.N.Y. July 1, 2005) ("At this stage, only a preliminary showing of typicality and adequacy is required.").

#### a. Puda Coal Investor Group is Typical

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise."  *Espeed*, 232 F.R.D. at 102 (citation omitted).

Here, Puda Coal Investor Group is typical because, just like all other class members asserting claims under the Exchange Act and the Securities Act, it: (1) purchased or otherwise acquired Puda Coal securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by the defendants' conduct causing the price of Puda Coal's securities to fall.  *See Reimer v. Ambac Fin. Group, Inc.*, 08-cv-0411, 2008 U.S. Dist.

6

LEXIS 38729, at *12 (S.D.N.Y. May 9, 2008). Thus, Puda Coal Investor Group's claims are typical of other class members' claims because both sets of claims arise out of the same course of events and predicated on identical theories of liability and damages. *See id.*

### b. Puda Coal Investor Group is Adequate

The adequacy requirement of Rule 23(a)(4) is met if the representative party makes a showing that it will "fairly and adequately protect the interests of the class." Specifically, the adequacy requirement is fulfilled when: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kaplan*, 240 F.R.D. at 94; *see also Shi,* 2005 U.S. Dist. LEXIS 13176, at *9.

Here, Puda Coal Investor Group is adequate to represent the class. Puda Coal Investor Group's interests are aligned with the interests of the class as both suffered losses from the revelation of defendants' false and misleading statements and material omissions. Each member of Puda Coal Investors Group signed certifications stating that each is willing to serve as a representative of the class, including providing testimony at a deposition or trial (Fox Decl., Exs. A-E) and certain members met telephonically and agreed to file this motion jointly. Finally, as shown below, Puda Coal Investor Group's proposed co-lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Puda Coal Investor Group has made a *prima facie* showing of typicality and adequacy.[4]

---

[4] While the Second Circuit has recognized that there is no need to appoint separate lead plaintiffs to represent every conceivable security where all claims are based on an identical set of facts, *see Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004), counsel for Puda Coal Investor Group has conferred with members of the proposed class who have standing to bring claims based

### D. The Court Should Approve Puda Coal Investor Group's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Kaplan*, 240 F.R.D. at 96. The Court should not disturb lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Because Puda Coal Investor Group has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of co-lead counsel should be approved.

Puda Coal Investor Group has selected Kessler Topaz and Kaplan Fox as co-lead counsel for the class. Kessler Topaz specializes in prosecuting complex class action litigation and is one of the preeminent law firms in its field. Kessler Topaz is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions, including actions involving Lehman Brothers, Medtronic, Johnson & Johnson, Transocean and UBS and has secured billions of dollars in recoveries for investors. *See* Fox Decl., Ex. L. Similarly, Kaplan Fox is a leading national law firm that specializes in securities and antitrust litigation. Kaplan Fox is currently serving as co-lead counsel in securities class actions including a high profile action against Fannie Mae. *See* Fox Decl., Ex. M. Both firms also have experience jointly prosecuting actions as both are currently serving as co-lead counsel in the class action against Bank of America.

---

upon options purchases during the Class Period. These class members have agreed to serve as named representatives if necessary.

8

Thus, the Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from these firms. Both firms are highly qualified and will zealously represent the class's interests.

## IV. CONCLUSION

For the foregoing reasons, Puda Coal Investor Group respectfully requests that the Court: (i) consolidate all related actions; (ii) appoint Puda Coal Investor Group as lead plaintiff pursuant to the PSLRA; and (iii) approve its selection of Kessler Topaz and Kaplan Fox to serve as co-lead counsel for the class.

Dated: June 13, 2011

Respectfully submitted,

/s/ *Frederic S. Fox*
**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox
Jeffrey P. Campisi
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

-and-

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Sean M. Handler
Naumon A. Amjed
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Puda Coal Investor Group and Proposed Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 13, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

      I certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 13, 2011 in New York.

                                              /s/ *Frederic S. Fox*
                                              Frederic S. Fox