UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRIET GOLDSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG LABY WU, YAO ZHAO, BREAN MURRAY, CARRET & CO., LLC and MACQUARIE CAPITAL (USA) INC.,<br><br>Defendants. | ECF Case<br><br>Case No. 11 Civ. 2598 (BSJ)<br><br>Class Action |

[Additional captions on next page]

**CESARE CROGNALE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

*Of Counsel:*

CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
Francis A. Bottini, Jr.
Albert Y. Chang (AC-5415)
550 West C Street, Suite 2000
San Diego, California 92101
Tel:  (619) 241-4810
Fax:  (619) 955-5318

*Attorneys for Movant Cesare Crognale*

Dated:  June 13, 2011

| | |
|---|---|
| LIONEL TALLANT, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>  vs.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, and QIONG WU,<br><br>         Defendants. | ECF Case<br><br>Case No. 11 Civ. 2608 (BSJ)<br><br>Class Action |
| STEVEN WEISSMANN, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>  vs.<br><br>PUDA COAL, INC., MING ZHAO, and QIONG WU,<br><br>         Defendants. | ECF Case<br><br>Case No. 11 Civ. 2609 (BSJ)<br><br>Class Action |
| ALEXIS ALEXANDER, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>  vs.<br><br>MING ZHAO, LIPING ZHU, QIONG WU, JIANFEI NI, C. MARK TANG, LAWRENCE S. WIZEL, and PUDA COAL, INC.,<br><br>         Defendants. | ECF Case<br><br>Case No. 11 Civ. 2657 (BSJ)<br><br>Class Action |

[Additional captions on next page]

| | |
|---|---|
| THOMA ROSENBERGER, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>PUDA COAL, INC., LIPING ZHU, QIONG WU, and MING ZHAO,<br><br>        Defendants. | ECF Case<br><br>Case No. 11 Civ. 2660 (BSJ)<br><br>Class Action |
| DAN KORACH, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG WU, and YAO ZHAO,<br><br>        Defendants. | ECF Case<br><br>Case No. 11 Civ. 2666 (BSJ)<br><br>Class Action |
| ALAN GINSBERG, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>MING ZHAO, LIPING ZHU, QIONG WU, JIANFEI NI, C. MARK TANG, LAWRENCE WIZEL, and MOORE STEPHENS INTERNATIONAL LTD.,<br><br>        Defendants. | ECF Case<br><br>Case No. 11 Civ. 2671 (BSJ)<br><br>Class Action |

[Additional caption on next page]

| | |
|---|---|
| THOMAS KENDALL and CLAUDIA KENDALL, jointly and on behalf of all others similarly situated,<br><br>                                 Plaintiff,<br><br>     vs.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG LABY WU, and YAO ZHAO,<br><br>                               Defendants. | ECF Case<br><br>Case No. 11 Civ. 2695 (BSJ)<br><br>Class Action |

**INTRODUCTION**

Pending in this District are eight securities class actions (the Related Actions")[1] brought on behalf of shareholders of Puda Coal, Inc. ("PUDA"), who purchased PUDA stock between November 13, 2009 and April 11, 2011 (the "Class Period"), including those who purchased PUDA securities relating to its December 8, 2010 equity offering (the "Offering"). Lead Plaintiff Movant Cesare Crognale, who lost approximately $306,751.16 as a result of the misconduct alleged in the Related Actions, now moves to (1) consolidate the Related Actions; (2) appoint him as Lead Plaintiff; and (3) approve his selection of counsel, Chapin Fitzgerald Sullivan & Bottini LLP, as Lead Counsel.

The Court should grant Mr. Crognale's motion based on simple application of Federal Rule of Civil Procedure 42 and 15 U.S.C. § 78u-4. Under Rule 42, the Court should consolidate the above-captioned putative class actions against PUDA and its officers, Defendants Ming Zhao, Liping Zhu, Qiong "Laby" Wu, Yao Zhao, the underwriters of the Offering, and others (collectively, "Defendants") for three reasons. First, all actions arise from the same events: PUDA's dissemination of false and misleading statements regarding its financial condition during the Class Period. Second, all complaints allege similar claims under federal securities laws. Third, all complaints seek damages caused by the artificially inflated prices of PUDA stock as a result of Defendants' misconduct.

---

[1] The Related Actions include: *Goldstein v. Puda Coal, Inc.*, No. 11 Civ. 2598 (BSJ); *Tallant v. Puda Coal, Inc.*, No. 11 Civ. 2608 (BSJ); *Weissmann v. Puda Coal, Inc.*, No. 11 Civ. 2609 (BSJ); *Alexander v. Zhao*, No. 11 Civ. 2657 (BSJ); *Rosenberger v. Puda Coal, Inc.*, No. 11 Civ. 2660 (BSJ); *Korach v. Puda Coal, Inc.*, No. 11 Civ. 2666 (BSJ); *Ginsberg v. Zhao*, No. 11 Civ. 2671 (BSJ); and *Kendall v. Puda Coal, Inc.*, No. 11 Civ. 2695 (BSJ).

1

Upon consolidation, the Court should apply the three-step process under Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and appoint Mr. Crognale as Lead Plaintiff because:

- he has timely made a motion for appointment as lead plaintiff;
- he is the presumptive lead plaintiff since he has lost approximately $306,751.16 as a result of Defendants' misrepresentations and, to the best of his knowledge, he has the largest financial interest in the relief sought by the class; and
- he meets the typicality and adequacy of representation requirements under Federal Rule of Civil Procedure 23.

*See* 15 U.S.C. § 78u-4(a)(3).  Furthermore, Mr. Crognale's selection of the law firm of Chapin Fitzgerald Sullivan & Bottini LLP as Lead counsel should be approved because the firm specializes in shareholder class action litigation, has a demonstrated record of success in litigating securities class actions, and is thus well qualified to represent the class of PUDA shareholders.

## FACTUAL BACKGROUND

### I. These Actions Involve Common Questions of Fact and Law

The complaints in the Related Actions contain similar allegations.[2]  PUDA produces coal materials.  PUDA's operations are conducted exclusively by Shanxi Puda Coal Group Co., Ltd. ("Shanxi Coal").  During the Class Period, PUDA's filings with the Securities and Exchange Commission contained numerous false and misleading statements about PUDA's financial condition.  Specifically, Defendants failed to disclose that:

- PUDA's chairman, Defendant Zhao, had engaged in unauthorized

---

[2] The discussion here is based on the allegations in the *Goldstein* complaint dated April 15, 2011.

2

    transfers of the ownership of Shanxi Coal to himself and had sold Shanxi Coald to a private equity firm;

•   PUDA's ownerhip stake in Shanxi coal was substantially less than what it had claimed; and

•   PUDA failed to maintain proper internal controls.

As a result of these misrepresentations, PUDA stock traded at artificially inflated prices during the Class Period.

  On April 8, 2011, the truth began to emerge. The investing public learned, among other things, that Zhao had improperly transferred shares of Shanxi Coal to himself in 2009, sold and/or pledged to sell Shanxi Coal to a private equity firm in 2010. Zhao's misconduct made PUDA a shell company during the Class Period. On April 11, 2011, PUDA then announced an internal investigation and Zhao's leave of absence. Following the announcement, the trading of PUDA stock was halted.

  The Related Actions followed, alleging violations of Sections 11, 12(a), and 15 of the Securities Act of 1933 and Sections10(b) and 20(a) of the Exchange Act.

## II.  Mr. Crognale Has Timely Moved for Lead Plaintiff Appointment

  On April 15, 2011, a notice was published on PRNewswire regarding the commencement of *Goldstein*. Declaration of Albert Y. Chang ("Chang Decl.") Ex. A. In compliance with 15 U.S.C. § 78u-4(a)(3)(A)(1), Mr. Crognale moves for lead plaintiff appointment on June 13, 2011 – within 60 days of the publication of that notice. *See* Chang Decl. Ex. A at 1.

3

**ARGUMENT**

**I.     The Related Actions Should Be Consolidated**

Consolidation is proper under Rule 42(a) when actions involve common questions of law or fact. FED. R. CIV. P. 42(a). Courts have broad discretion under Rule 42 to consolidate cases. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Exercising this discretion, courts have recognized that securities fraud class actions are ideally suited for consolidation under Rule 42(a) because these actions involve common parties and issues and because consolidation expedites pretrial and discovery proceedings, reduces duplication, and minimizes the costs and time expended by all persons involved. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (consolidating eight securities class actions).

Here, the Related Actions arise from the same underlying events – PUDA's dissemination of false and misleading information regarding its financial condition and prospects during the Class Period. All complaints allege similar causes of action against similar defendants. As in *Kaplan*, consolidation is appropriate because resolution of these claims involves the common issues of law and fact. *See* FED. R. CIV. P. 42(a); *Kaplan*, 240 F.R.D. at 91 (reasoning that "[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation").

**II.     The Court Should Appoint Mr. Crognale as Lead Plaintiff**

   **A.    The PSLRA Provides a Three-Step Process for Lead Plaintiff Appointment**

The PSLRA provides a rebuttable presumption that the most adequate plaintiff in any securities fraud action is the person or group of persons that:

- has either filed the complaint or made a motion in response to a notice;
- in the determination of the court, has the largest financial interest in the relief sought by the class; and
- otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  Here, Mr. Crognale meets each of these three requirements.

   **B.    Mr. Crognale's Motion Is Timely**

According to the PRNewswire notice, the 60-day period in which class members may move to be appointed lead plaintiff under 15 U.S.C. § 78u-4(a)(3)(A)(II) expires on June 13, 2011.  *See* Chang Decl. Ex. A at 1.  Thus, Mr. Crognale's motion is timely.  In addition, Mr. Crognale has retained competent counsel to represent him and the class.  *See* Chang Decl. Ex. D.  Mr. Crognale thus satisfies the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment as lead plaintiff and approval of lead counsel considered by the Court.

   **C.    Mr. Crognale Is the Presumptive Lead Plaintiff**

The PSLRA requires the Court to appoint a "lead plaintiff" in securities class actions.  15 U.S.C. § 78u-4(a)(3)(B)(i).  The "lead plaintiff" is "the member or members of the purported plaintiff class that the [C]ourt determines to be most capable of adequately representing the interests of class members."  *Id.*  To

5

identify the presumptive "most adequate plaintiff," the Court must first determine which member or group of members of the class has the largest alleged loss. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

As demonstrated in Mr. Crognale's certification, he purchased 40,000 shares of PUDA common stock during the Class Period. *See* Chang Decl. Ex. B at 2. As a result of these purchases, Mr. Crognale suffered approximately $306,751.16 in damages. Chang Decl. Ex. C. To the best of his knowledge, Mr. Crognale does not know of another PUDA shareholder who is seeking lead plaintiff appointment and who has suffered a higher amount of damages. Thus, Mr. Crognale is qualified to become the presumptive most adequate plaintiff. *See Cavanaugh*, 306 F.3d at 730; *see also In re Gen. Elec. Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at **12-15 (S.D.N.Y. July 29, 2009) (finding the person with the largest loss as the presumptive lead plaintiff).

### D.   Mr. Crognale Satisfies the Requirements of Rule 23

The PSLRA requires that lead plaintiffs, in addition to having the largest financial interest, must "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(1)(cc). Rule 23(a) requires that: (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a). In deciding a lead plaintiff motion, courts limit their inquiry to the typicality and adequacy

prongs of Rule 23(a).  *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)).

The typicality requirement of Rule 23(a)(3) is satisfied when the named plaintiffs have (1) suffered the same injuries as the absent class members; (2) as a result of the same course of conduct; and (3) their claims are based on the same legal issues.  *See In re McDermott Int'l, Inc. Sec. Litig.*, No. 08 Civ. 9943 (DC), 2009 U.S. Dist. LEXIS 21539, at *6 (S.D.N.Y. Mar. 6, 2009) (requiring only a "preliminary showing" of typicality and adequacy of representation).  This does not require that the representative claims be substantially identical to absent class members' claims; it only requires that the claims are reasonably co-extensive with those of absent class members.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  Thus, courts have repeatedly held that typicality is satisfied in securities class actions when the class representative, like all other class members, suffered damages as a result of purchasing the subject stock during the relevant time period at prices that were artificially inflated by defendants' alleged false and misleading statements.  *See, e.g.*, *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006).

Mr. Crognale's claims are typical of those of other class members.  He purchased PUDA stock during the Class Period at prices artificially inflated by Defendants' misrepresentations and omissions.  Like other class members, Mr. Crognale suffered significant damages as a result of his purchases of PUDA stock.  These shared claims satisfy Rule 23(a)(3)'s typicality requirement because they are based on the same legal theory and arise from the same events and course of conduct as the class claims.

7

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when counsel for the class is competent, the representative's interests are not antagonistic to those of the absent class members, and it is unlikely that the action is collusive.  Here, Mr. Crognale is an adequate representative of the class for two reasons.  First, Mr. Crognale's interests are clearly aligned with the interests of the members of the class because, like other class members, he paid artificially inflated prices for PUDA stock due to Defendants' materially false and misleading statements.  There is no antagonism between Mr. Crognale's interests and those of the putative class. *Gen. Elec.*, No. 2009 U.S. Dist. LEXIS 69133, at *15.  Second, Mr. Crognale has taken significant steps that demonstrate his willingness and ability to protect the interests of the class:  (1) he has executed a sworn certification detailing his Class Period transactions; (2) he has timely moved this Court for appointment as lead plaintiff; and (3) he has retained competent and experienced counsel to prosecute these claims.  *See id.*  As discussed below, Mr. Crognale's proposed counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  *See* Chang Decl. Ex. D.  Thus, Mr. Crognale satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## III. The Court Should Approve Mr. Crognale's Choice of Counsel

The PSLRA provides that the lead plaintiff shall, subject to court approval, select and retain lead counsel.  15 U.S.C. § 78u-4(a)(3)(B)(v).  A court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Mr. Crognale has selected the law firm of Chapin Fitzgerald Sullivan & Bottini LLP as Lead

8

Counsel. The attorneys at Chapin Fitzgerald have substantial experience in prosecuting securities class actions. *See* Chang Decl. Ex. D. Indeed, Mr. Bottini, one of the firm's partners, has litigated many securities class actions in this District, including a multi-billion-dollar action involving a feeder fund to Bernard L. Madoff's Ponzi scheme, *In re Herald, Primeo, and Thema Funds Securities Litigation*, No. 09 Civ. 0289 (RMB) (S.D.N.Y.). Accordingly, the Court should approve Mr. Crognale's selection of Chapin Fitzgerald as lead counsel for the class.

## CONCLUSION

For reasons set forth above, Mr. Crognale respectfully requests that the Court (1) consolidate the Related Actions; (2) appoint him as Lead Plaintiff and (3) approve his selection of Chapin Fitzgerald Sullivan & Bottini LLP as Lead Counsel for the class.

Dated: June 13, 2011                    Respectfully submitted,

CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
Francis A. Bottini, Jr.
Albert Y. Chang (AC-5415)

                                          s/ Albert Y. Chang
                                            Albert Y. Chang

550 West C Street, Suite 2000
San Diego, California 92101
Telephone: (619) 241-4810
Facsimile: (619) 955-5318

*Attorneys for Movant Cesare Crognale*