UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE PUDA COAL SECURITIES, INC. et al. LITIGATION | ) Civil Action No. 11 CIV 2598 ~~2609~~ (PKC) ) ) ECF CASE ) ) ) MOTION FOR WITHDRAWAL AS ) COUNSEL TO PUDA COAL, INC.; ) MEMORANDUM OF POINTS AND ) AUTHORITIES IN SUPPORT THEREOF ) ) ) |

Pursuant to Local Rule 1.4, Sidley Austin LLP ("Sidley") hereby moves to withdraw as counsel for Puda Coal, Inc. ("Puda Coal") in the above entitled action matter. Sidley further requests that it be removed from any and all service lists associated with this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL BACKGROUND

The above entitled action is a consolidated matter arising from eleven separate actions,[1] originally filed in the District Court for the Southern District of New York and in

---

[1] The actions are:
1. *Goldstein v. Puda Coal, Inc., et al.*, 1:11-cv-02598-BSJ (S.D.N.Y.);
2. *Tallant v. Puda Coal, Inc., et al.*, 1:11-cv-02608-BSJ (S.D.N.Y.);
3. *Weissmann v. Puda Coal, Inc., et al.*, 1:11-cv-02609-BSJ (S.D.N.Y.);
4. *Alexander v. Zhao, et al.*, 1:11-cv-02657-BSJ (S.D.N.Y.);
5. *Korach v. Puda Coal, Inc., et al.*, 1:11-cv-02666-BSJ (S.D.N.Y.);
6. *Rosenberger v. Puda Coal, Inc., et al.*, 1:11-cv-02660-BSJ (S.D.N.Y.);
7. *Kendall v. Puda Coal, Inc., et al.*, 1:11-cv-02695-BSJ (S.D.N.Y.);
8. *LaDuca v. Puda Coal, Inc., et al.*, Case No. 1:11-cv-04266 (S.D.N.Y.);
9. *Burquist v. Puda Coal, Inc. et al.*, Case No. 11-cv-03412-JHN –JCx (C.D. Cal.);
10. *Thumith v. Puda Coal, Inc. et al.*, Case No. 11-cv-04835-JHN –JCx (C.D. Cal.);
11. *Lin v. Puda Coal, Inc. et al.*, Case No. CV 11-03412-JHN –JCx (C.D. Cal.);
12. *Ginsberg v. Puda Coal, Inc., et al.*, 1:11-cv-02671-BSJ (S.D.N.Y.) (voluntarily dismissed by plaintiff and not counted among the eleven).

the District Court for the Central District of California. On July 26, 2011 and July 27, 2011, the actions filed in the Central District of California were transferred to the Southern District of New York. On December 6, 2011, the Court consolidated the actions and appointed lead counsel. The Amended Consolidated Complaint was filed on January 27, 2012, and a Corrected Amended Consolidated Complaint was filed on February 9, 2012.

Sidley has appeared on behalf of Puda Coal only in certain of the pre-consolidation actions by executing stipulations to extend time to respond to the original complaints in the individual actions and in response to the motions to consolidate the actions. Affidavit of A. Robert Pietrzak in Support of Motion for Leave to Withdraw as Counsel ("Pietrzak Aff."), filed concurrently herewith, ¶ 2. Counsel for plaintiffs and certain defendants are currently drafting a proposed briefing schedule for challenges to the Corrected Amended Consolidated Complaint. No dispositive motions have been filed nor any discovery taken. *Id.* ¶ 10.

## II. FACTS RELEVANT TO WITHDRAWAL

Sidley's initial primary point of contact at Puda Coal was Qiong Wu, Chief Financial Officer. *Id.* ¶ 3. Ms. Wu resigned from the Company on or around September 28, 2011. *Id.*

Since Ms. Wu's resignation, Sidley has received some direction from two members of the Audit Committee of the Board of Directors, C. Mark Tang and Lawrence Wizel. *Id.* ¶ 5. However, on March 1, 2012, Mr. Tang and Mr. Wizel resigned from the Board. *Id.*

Other members of the Board of Directors and management have also resigned. Chief Executive Officer, Liping Zhu resigned on or around September 22, 2011. *Id.* ¶ 4. Board Member, Jianfei Ni, resigned on or around December 20, 2011. *Id.* Sidley is unaware

of the hiring of any new members of management. *Id.*

The only remaining member of the Puda Coal Board is Ming Zhao. *Id.* ¶ 6. Mr Zhao has been represented by separate counsel since the initiation of the original pre-consolidation actions. *Id.* Sidley has never represented Mr. Zhao and has had no direct contact with him. *Id.* In September 2011, Mr. Zhao's counsel withdrew from their representation of him. *Id.* ¶ 7. Since that time, Sidley has had no contact with (and no ability to contact) Mr. Zhao, even through counsel. *Id.*

Going forward, Sidley anticipates having no access to any knowledgeable employees. *Id.* ¶ 8. Sidley has no client contact at Puda Coal with whom it can consult or report to regarding this matter. Without any client contact, Sidley will not be able to fulfill its pleading and discovery obligations.

Separate and apart from the absence of any Puda Coal manager or Board Member from whom Sidley can seek direction in regards to this matter, Sidley has not received any payment of the fees incurred to date in its representation of Puda Coal. *Id.* ¶ 9.

**III.   ARGUMENT**

In assessing a motion to withdraw, the court must consider (1) the reasons for withdrawal and (2) the impact of the withdrawal on the timing of the proceedings. *See Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426(HB)(JLC), 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012). Non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Rule 1.4. *Id.* The courts have also granted withdrawal where a company has effectively ceased to operate, leaving no employees with whom counsel can communicate. *See Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469(DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011). Finally, where a case is in the early stages of litigation and not on the verge of being tried, any disruption that may be caused by withdrawal is not generally sufficient to deny the motion. *Thekkek*, 2012 WL

225924 at *2.

As set forth above and in the Affidavit of A. Robert Pietrzak, the Puda Coal Board of Directors has effectively ceased to operate and there are no members of the Board or management with whom Sidley can confer in order to appropriately advise and represent the Company's interests in this action. Pietrzak Aff. ¶¶ 3-8. Moreover, Sidley has not received any payment of the fees incurred to date in its representation of Puda Coal. *Id.* ¶ 9. These are sufficient reasons to grant withdrawal in this case.

Additionally, allowing withdrawal in this case will not have a discernable impact on the timing of these proceedings. The Corrected Amended Consolidated Class Action Complaint has only just been filed, a briefing schedule for challenges to that Complaint is still being prepared by the parties, no dispositive motions have been filed, and discovery has not even begun in this action. Accordingly, withdrawal will not result in any delays to these proceedings that would justify denial of this motion.

## IV. CONCLUSION

For the reasons set forth above, Sidley respectfully requests that the Court grant its motion to withdraw as counsel for Puda Coal in the above referenced matter.

Dated: New York, New York
March 8, 2012

SIDLEY AUSTIN LLP

A. Robert Pietrzak
rpietrzak@sidley.com
Joel M. Mitnick
jmitnick@sidley.com
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

*Attorneys for Defendant Puda Coal, Inc.*