UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PUDA COAL INC. et al. SECURITIES LITIGATION | CASE NO: 1:11-CV-2598 (BSJ)(HBP) |

## MEMORANDUM OF LAW IN SUPPORT OF BREAN MURRAY, CARRET & CO.'S MOTION TO DISMISS THE CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT

MOSES & SINGER LLP
405 Lexington Ave., 12th Floor
New York, New York  10174
(212) 554-7800

*ATTORNEYS FOR BREAN MURRAY, CARRET & CO.*

Defendant Brean Murray, Carret & Co. ("Brean Murray") respectfully submits this memorandum of law in support of its motion to dismiss Count I (in part) and Count II of the Consolidated Class Action Complaint, dated January 31, 2012 (as corrected, the "Complaint" or "Compl."), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

In an effort to avoid engaging in duplicative motion practice and unnecessarily overburdening this Court's already strained resources, as the claims asserted against Brean Murray are substantively identical in all respects to those asserted against co-defendant Macquarie Capital (USA) Inc. ("Macquarie"), Brean Murray hereby adopts fully and completely the factual recitation and attendant legal arguments detailed in Macquarie's motion to dismiss.

### I.  PLAINTIFFS' SECTION 12(A)(2) CLAIM SHOULD BE DISMISSED

#### A.  Plaintiffs Cannot Maintain An Action Under Section 12(a)(2)

For the reasons stated in Macquarie's motion to dismiss, Count I should be dismissed as against Brean Murray because Mr. Rosenberger, the sole named plaintiff prosecuting that claim, lacks standing to pursue it as he failed to plead that he purchase any shares directly from Brean Murray nor has he plead that Brean Murray solicited his purchase.

#### B.  The Representative Plaintiff Has Not Suffered A Cognizable Injury

For the reasons stated in Macquarie's motion to dismiss, even if the Court finds that Plaintiffs have properly pled facts establishing Brean Murray as Mr. Rosenberger's statutory seller, the Section 12(a)(2) claim nevertheless fails because they have not alleged a cognizable injury.

## II. PLAINTIFFS SEEK RELIEF ON THEIR SECTION 11 CLAIM TO WHICH THEY ARE NOT ENTITLED UNDER THE STATUTE

For the reasons stated in Macquarie's motion to dismiss, Plaintiffs' Section 11 claim should be dismissed against Brean Murray insofar as it seeks to recover tort-like damages without regard to either Section 11's damages formula or the cap on a purchaser's recovery.

## CONCLUSION

For the foregoing reasons, and for those reasons detailed in Macquarie's motion to dismiss, Brean Murray respectfully requests that the Court: (i) dismiss with prejudice Count I against Brean Murray to the extent Plaintiffs seek recovery beyond that expressly permitted by Section 11(e), and (ii) dismiss with prejudice Count II as against Brean Murray.

Dated: New York, New York
       June 1, 2012

Respectfully submitted,

MOSES & SINGER LLP

_____
Robert S. Wolf
David Lackowitz
405 Lexington Ave., 12th Fl
New York, New York 10174
(212) 554-7800

Attorneys for Brean Murray,
Carret & Co., LLC