# GLANCY BINKOW & GOLDBERG LLP
### ATTORNEYS AT LAW

| LOS ANGELES OFFICE | 122 EAST 42ND STREET, SUITE 2920 | SAN FRANCISCO OFFICE |
|---|---|---|
| 1925 CENTURY PARK EAST, SUITE 2100 | NEW YORK, NEW YORK 10168 | ONE EMBARCADERO CENTER, SUITE 760 |
| LOS ANGELES, CA 90067 | | SAN FRANCISCO, CA 94111 |
| TELEPHONE (310) 201-9150 | TELEPHONE (212) 682-5340 | TELEPHONE (415) 972-8160 |
| FACSIMILE (310) 201-9160 | FACSIMILE (212) 884-0988 | FACSIMILE (415) 972-8166 |
| | info@glancylaw.com | |

November 11, 2014

**MEMO ENDORSED**

VIA ECF

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007-1312

11/13/2014

Re: *In re Puda Coal Securities Inc. et al. Litigation*
Civil Action No.11-cv-2598 (KBF)

Dear Judge Forrest:

In accordance with the Court's order, dated November 10, 2014 (Dkt. No. 449), Class Plaintiffs write in response to the letter filed Friday, November 7, 2014, by Michael Carlinsky of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") on behalf of defendant Ming Zhao ("Zhao"). Dkt. No. 446 ("the Letter"). Because the Letter fails to adequately address the Second Circuit's requirements for setting aside an entry of default, and fails to muster any kind of challenge to Class Plaintiffs' requested damages amount, the Court should deny Zhao's request to set aside the entry of default. Moreover, because Zhao does not contest the calculation of damages adduced by Class Plaintiffs' financial experts, Class Plaintiffs respectfully submit that the evidentiary hearing on damages in connection with the default judgment motion, scheduled for November 14, 2014, is not necessary.

Although a party may seek relief from the entry of default by means of a letter, as opposed to a formal motion brought pursuant to Fed. R. Civ. P. 55(c), the party must still satisfy Rule 55(c)'s requirement that an entry of default may only be set aside for "good cause." *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 94-95 (2d Cir. 1993). The Second Circuit has adopted the following "widely accepted" factors in determining whether "good cause" has been shown: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Id.* at 96. The Letter acknowledges *Diakuhara* as controlling law. Dkt. No. 446 at 1.

Other than reciting the general policy that determinations on the merits are preferable to default judgments, the Letter only addresses one of the *Diakuhara* factors, claiming that Zhao's

295935.1 PUDA

Hon. Katherine B. Forrest
November 11, 2014
Page 2

entry into the case now poses no prejudice because "plaintiffs are still in the early stages of litigation with respect to the other defendants." Letter at 1. That is not a fair characterization of this action's procedural posture. The parties have already conducted well over 20 depositions. Hundreds of thousands of pages of documents have been produced by various parties and third parties – with more scheduled to be produced in the next few weeks. Indeed, the fact discovery cut off is only 2½ months away. In addition to a number of pre-trial dates jointly proposed by the current parties, the Court set a "firm" trial date of July 13, 2015. Dkt. Nos. 402 and 429. Class Plaintiffs would be prejudiced by Zhao's late entry into the action because, were Zhao to challenge the pleadings, the resolution of such motion(s) would likely delay the start of the trial. Also, Zhao's counsel would likely object to the scheduling of depositions, currently set to commence on November 20, 2014, because they have not had the opportunity to review each of the several dozen document productions which have taken place over the past 18 months.

The other two *Diakuhara* factors are completely ignored in the Letter, as Zhao cannot make a credible showing on either. It is clear that Zhao's default was willful. While the Letter states that Quinn Emanuel was only retained "recently," Quinn Emanuel was not Zhao's initial counsel in the action and, in any event, Quinn Emanuel has been in possession of the default judgment papers since late July 2014.[1] Certainly, were Zhao serious about "being fully committed to participating in all aspects of this litigation," Letter at 1, he could have taken steps prior to November 7, 2014, to properly move this Court to set aside the default which was entered 20 months ago in March of 2013. Dkt. No. 151.

With respect to the third factor, Zhao cannot present a valid defense to the securities law claims alleged against him. After spending one million dollars conducting its investigation, Puda's Audit Committee published its findings in a report filed with the SEC on Form 8-K on September 1, 2011 (Ex. A attached hereto). As set forth in that report, Zhao's only defense was his bald assertion that he transferred nominal ownership of Shanxi Coal to himself pursuant to a purported "Trusted Shareholding Agreement," with Puda (through its Putai subsidiary) retaining beneficial ownership of the operating company. The Audit Committee did not credit Zhao's assertion because it could not find "any evidence that the Trusted Shareholding Agreement was filed in any government registry." *Id.* Moreover, Puda's continued beneficial ownership would have been wholly inconsistent with documented transfers of interests in Shanxi Coal made by Zhao to CITIC (49% ownership interest and pledge of remaining 51% interest to secure a loan, both in July 2010) and to Shanxi Longxin Coal Limited (temporarily in March and April 2010), transfers which did appear in official government registries. *Id.* The only evidence favorable to Zhao – a letter from CITIC denying that it had any interest in Shanxi Coal – was later found to be forged. Puda's CEO, defendant Liping Zhu, resigned after admitting that he had provided the forged letter to the SEC; and Zhao's counsel resigned upon learning of this news. *See* Ex. B

---

[1] *See* Dkt. No 431 at ¶7 & Ex. D thereto (affidavit of service showing that prior counsel referred Class Plaintiffs' co-counsel to Quinn Emanuel by no later than July 25, 2014). In fact, Zhao engaged counsel to monitor this case no later than early 2013.

Hon. Katherine B. Forrest
November 11, 2014
Page 3

attached hereto (press release dated October 3, 2011, titled "Puda Coal Audit Committee Announces Receipt of a Letter From CITIC; Ming Zhao's Counsel Resigns").

In light of Zhao's utter failure to provide sufficient evidence to satisfy Rule 55(c)'s "good cause" requirement, his objection should be rejected and a default judgment should be entered without the need for an evidentiary hearing. Indeed, despite being in possession of the relevant papers for more than three months, Zhao did not file any opposition to Class Plaintiffs' calculation of the amount of damages by the extended deadline of November 7, 2014.

Following the Status Conference on September 30, 2014, the Court issued an Order indicating that the hearing on November 14, 2014, would proceed in stages, with an evidentiary hearing to establish the amount of damages to go forward only if a default judgment was entered and the amount of damages was contested. Dkt. No. 430. The Court indicated at the Status Conference that it would wait until after any opposition was filed to determine whether an evidentiary hearing would be required. Dkt. No. 433 at 7 (a transcript of the Status Conference is attached hereto as Ex. C). The Court's Order of November 10, 2014, did not indicate whether Class Plaintiffs would be required to provide live testimony concerning damages. In view of Zhao's failure to oppose the requested damages amount, Class Plaintiffs respectfully submit that live testimony is unnecessary. Class Plaintiffs seek the Court's guidance as to whether the Court intends to hear live testimony on damages, so that they can inform their witnesses whether their presence will be required.

Respectfully submitted,

*s/Robin B. Howald*
Robin Bronzaft Howald

RBH/tsr

Enclosures

cc:   All Counsel (via ECF)

*[Handwritten note:]* No witnesses need appear. The default-conference will proceed on November 14 but at 2:00 pm.

*Denise Cote*
*November 13, 2014*

295935.1 PUDA