

# The Rosen Law Firm
INVESTOR COUNSEL

VIA ECF

December 12, 2014

Hon. Denise L. Cote
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 15B
New York, NY 10007-1312

Re: ***In re Puda Coal Securities Inc. et al. Litigation***, Civil Action No.11-cv-2598 (DLC)

Dear Judge Cote:

    Plaintiffs respectfully submit this letter pursuant to Rule 2.C of Your Honor's Individual Rules of Practice and Local Civil Rule 37.2, seeking an order compelling the deposition of third-party Edward ("Ned") Welch by no later than the end of January 2015.

    Mr. Welch is an attorney at Morrison & Foerster LLP ("Morrison"), the law firm that served as counsel to the underwriters in connection with the $108 million public offering of Puda Coal, Inc. ("Puda") shares on December 8, 2010 (the "December Offering") and was tasked with performing "legal due diligence." Discovery revealed that six days before the December Offering, lead underwriter Macquarie Capital (USA) Inc. ("Macquarie"), received an investigative report it had commissioned from Kroll, Inc. (the "Kroll Report"), as part of its due diligence for the December Offering. The Kroll Report clearly indicated in numerous places that, contrary to the representations in the December Offering documents, Puda did not possess a 90% ownership interest in Shanxi Puda Coal Group Ltd. ("Shanxi Coal"), its sole operating subsidiary. Without any operations, Puda was an empty shell. The same evening that Macquarie received the Kroll Report, it was forwarded to Ned Welch. Ultimately, at least three attorneys at Morrison received a copy of the Kroll Report prior to the December Offering. In discovery, Macquarie has produced tens of thousands of pages of documents pertaining to its due diligence in connection with the December Offering, including many of its communications with Morrison. Macquarie has made clear that it intends to rely on the "legal due diligence" of Morrison in establishing its due diligence defense at trial. Thus, while Morrison is a nonparty, it played a critical role in the December Offering: its due diligence procedures as well as its knowledge of the Kroll report will be major factual issues for trial.

    On May 9, 2014 Plaintiffs issued a subpoena to produce documents to Morrison (the "Subpoena")[1] Counsel for Morrison (attorneys at the law firm Williams & Connolly, LLP) and Counsel for Plaintiffs met and conferred concerning the production of documents responsive to the Subpoena and relevant search terms. On October 23, 2014, Morrison produced 12,131 pages

---

[1] The Subpoena and Morrison's Response and Objections are attached hereto as Exhibits 1 and 2, respectively.

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

of documents responsive to the Subpoena. On November 26, 2014 Morrison produced an additional 3,483 pages of documents responsive to the Subpoena. On November 10, 2014 Counsel for Plaintiffs and Counsel for Morrison had a telephonic meet and confer to discuss, *inter alia*, deposition dates for Morrison witnesses, in particular, Mr. Welch. On November 11, 2014, Plaintiffs' counsel followed up with Morrison's counsel via email, reiterating the request that it provide Plaintiffs with dates for Mr. Welch's availability to sit for a deposition in late December or early January.[2] In response, on December 1, 2014 Morrison's counsel stated that it would not provide deposition dates until after the parties' planned mediation and the deposition of Ming Zhao, which will take place in February, reasoning that "we fail to see why a nonparty…should be subjected to the burden of preparing for deposition before a scheduled attempt to resolve the matter. If the deposition of Mr. Zhao, a central figure and a party to the case, will wait until after the mediation, certainly the deposition of Mr. Welch should as well."[3] As Morrison's obvious stall tactic has no basis in law, Plaintiffs' counsel informed counsel for Morrison of their intent to move to compel if they were unwilling to make Mr. Welch available for a deposition in December or January.[4] During a telephonic meet and confer on December 9, Morrison's counsel then informed Plaintiffs' counsel that Mr. Welch's could not sit for a deposition at any time in the month of January due to his busy work schedule, and followed up with an email elaborating on the same, and proposing a deposition on February 16, 2014 or sometime in March after Mr. Welch would return from a vacation.

Fact discovery closes on April 15, 2015. Mr. Welch's deposition testimony has the possibility of providing Plaintiffs with the most important evidence in its case against Macquarie. Morrison has not objected to the deposition *per se* but has merely stated its view of the appropriate time-frame within which the deposition should be taken. Although Morrison contends that it would be wasteful to require Mr. Welch to sit for deposition in December or January if the case could settle at a February mediation, this will not be the parties' first attempt to resolve the matter[5] Mediations in June 2013 and September 2014 proved fruitless, and the February mediation will likely not resolve the case within the day, rather, any settlement negotiations will likely be ongoing and the discovery timeline will continue to tick away. It is imperative that Plaintiffs obtain deposition testimony from attorney(s)[6] at Morrison who advised the underwriters on the December Offering in *advance* of the mediation to better assess the viability of the underwriters' affirmative defenses. Given that the mediation is scheduled to take place the second week in February, Plaintiffs require the testimony of Mr. Welch by the end of January to ensure that the transcript from his deposition can be obtained and utilized at the mediation. Furthermore, Plaintiffs have not yet been able to take one substantive deposition[7] out of the 35 that Plaintiffs anticipate taking. If Plaintiffs put off depositions until after the mediation is complete that will leave them with less than 8 weeks to take 35 depositions, a proposition that is obviously untenable.

---

[2] Email correspondence between John Williams and Sara Fuks attached hereto as Exhibit 3.
[3] Email correspondence between John Williams and Sara Fuks attached hereto as Exhibit 4.
[4] Email from between John Williams and Sara Fuks attached hereto as Exhibit 5.
[5] It is of course well settled that parties may obtain discovery of any non-privileged information that is relevant to any party's claims or defenses. *See* Fed.R.Civ.P. 26(b). The recipient of a nonparty subpoena must either comply therewith or raise a valid objection. *See* Fed.R.Civ.P. 45(c)(2)(B).
[6] Plaintiffs earlier informed counsel for Morrison of their intention to take the depositions of between one and four attorneys at Morrison. In addition to Mr. Welch, Plaintiffs have identified Shouhua Yu and James Tannenbaum.
[7] Depositions of MSHK- no longer an active party due to its dismissal on summary judgment, were taken last year, as were depositions concerning the traceability of Puda shares.

2

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

Morrison's claim that it is a "burden" to prepare for a deposition is both unsupported and unsupportable, given Morrison's role in the December Offering.[8] Furthermore, Morrison's assertion that Mr. Zhao's deposition should take place before a nonparty deposition is a complete *non sequitur*. Indeed, for three years, this case has been prosecuted without Zhao's presence. Plaintiffs believe it is important to test the underwriters' due diligence defenses prior to the mediation in order to accurately evaluate the strength of their case. By the time the February mediation takes place and Zhao's deposition is taken (assuming he both complies with the Court's November 20, 2014, Order and chooses to continue to participate in the case), only two months will remain before the April 15 fact-discovery cutoff; there will likely be follow-up document and written discovery following the testimony of various non-party witnesses. Plaintiffs' overall discovery strategy is not to be dictated by nonparties.[9]

**Accordingly, Plaintiffs seek an order compelling non-party Morrison to produce Ned Welch to testify at a deposition no later than the end of January, 2015.**

Respectfully Submitted,

Sara Fuks

Cc: All Counsel of Record (via ecf)
    John Williams, Esq. (counsel for Morrison & Foerster LLP) (via email)
    Andrew Keyes, Esq. (counsel for Morrison & Foerster LLP)(via email)
    John Villa, Esq. (counsel for Morrison & Foerster LLP)(via email)

---

[8] *See, e.g., Kirschner v. Klemons*, 99-cv-4828, 2005 WL 1214330, at *3 (S.D.N.Y. May 19, 2005) (requiring an 88–year–old non-party witness with mobility problems to testify at trial where the party seeking to quash the subpoena provided "no affidavit or specific information regarding the manner and extent of the burden").

[9] Although Plaintiffs have no specific knowledge of such matters, the underwriters may have claims against Morrison arising from the December Offering. If so, it would be beneficial for Morrison to delay Mr. Welch's testimony until after it knows whether the matter will be resolved and how much its clients will have to pay to obtain a dismissal of Plaintiffs' claims. This is neither relevant to the case, nor a basis to delay Mr. Welch's deposition.

3

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827