LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

JOHN S. WILLIAMS
(202) 434-5646
jwilliams@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 16, 2014

**Via ECF**

The Honorable Denise L. Cote
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, New York  10007-1312

Re:   *In re Puda Coal Securities Inc. et al. Litigation*, No. 11 Civ. 2598 (DLC)

Dear Judge Cote:

Nonparty Morrison & Foerster LLP respectfully submits this letter in response to Plaintiffs' letter motion of December 12, 2014. Morrison does not oppose Plaintiffs taking a deposition of Mr. Welch. Morrison simply cannot propose dates certain for a deposition in January because of Mr. Welch's preexisting client commitments. As we explained to Plaintiffs via telephone on December 9 and via email on December 11, Mr. Welch is committed to work on *four* initial public offerings during January. Ex. A (December 11 Email from Williams to Fuks); Ex. B (Declaration of E. Welch). To give a sense of how busy he will be, Mr. Welch billed approximately 163 hours last January when staffed on half as many principal matters, including only one IPO. *Id.*

That being said, there is a chance that some transactions may be postponed. Accordingly, Morrison has offered to inform Plaintiffs if a period becomes available for Mr. Welch to prepare and sit for a deposition in January or the first week of February, either of which would precede the parties' mediation. Ex. A. Morrison also has offered a written deposition on limited questions during January to be followed by a complete deposition after the difficult period in Mr. Welch's schedule passes. *Id.* In all events, Morrison would provide Mr. Welch for deposition on February 16 or in late February, shortly before or after he takes a long-planned family vacation out of the country. *Id.* Under either of these proposals, Mr. Welch would sit for deposition more than six-and-a-half weeks before the close of fact discovery on April 15.

Plaintiffs do not address Mr. Welch's scheduling conflicts, which is why Morrison cannot provide January dates for a deposition, or Morrison's alternatives regarding a January deposition.[1] And while Plaintiffs acknowledge that their request is governed by Rule 45 of the Federal Rules of Civil Procedure, *see* Letter at 2 n.5, they do not acknowledge Rule 45(d)(1)'s instruction to "avoid

---

[1] Nor did they attach our correspondence of December 11 despite our request that they do so. Ex. A. As Plaintiffs never responded to the alternatives in our December 11 correspondence, *see* Ex. C (December 11 Email from Fuks to Williams), we can only assume that Plaintiffs reject them all out of hand.

The Honorable Denise L. Cote
December 16, 2014                                                                                                                     Page 2

imposing undue burden" on nonparties.[2]  Accordingly, under Rule 45, "concern for the unwanted burden thrust upon non-parties is a factor entitled to *special weight* in evaluating the balance of competing needs."  *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (emphasis added).

Here, Plaintiffs' demand that Mr. Welch be deposed in January "ignores the inconvenience to the human being" to be subpoenaed.  *RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, No. 11 Civ. 1149, 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011) (Pollak, Mag. J.); *see Price Waterhouse LLP v. First Am. Corp.*, 182 F.R.D. 56, 62 (S.D.N.Y. 1998).  Even if Plaintiffs could identify a cogent reason why they needed Mr. Welch's testimony before the mediation, that would not suffice to overcome the extraordinary burden it would place on Mr. Welch to prepare for and provide testimony while juggling four critical corporate engagements.  *See Buckles v. Focus! ... On Innovation, Inc.*, No. 13 Civ. 1198, 2014 WL 988765, at *2 (M.D. Fla. Mar. 10, 2014) (Smith, Mag. J.) (quashing subpoena for deposition before settlement conference in part because of nonparty's schedule).  But Plaintiffs cannot identify a cogent reason:  *First*, Plaintiffs themselves give the February mediation little chance of succeeding, at least before the February dates on which Mr. Welch is available for deposition.  *See* Letter at 2.  *Second*, Plaintiffs greatly exaggerate the potential value of Mr. Welch's testimony; if they conducted the written deposition Morrison has offered, they assuredly would learn that there is *no* "possibility" whatsoever that Mr. Welch's testimony would be "the most important evidence in [their] case."  *Id.*  *Third*, Plaintiffs already have more than fifteen thousand pages from Morrison's files to press whatever arguments they wish during the mediation.  *Id.* at 1–2.  And, *fourth*, surely most important in "test[ing] the underwriters' due diligence defenses" is the testimony of the *underwriters*, which Plaintiffs can secure before the mediation without involving Morrison.  *Id.* at 3.

Equally flawed are Plaintiffs' attempts to argue that a January deposition of Mr. Welch is somehow essential to the preparation of their case.  Morrison does not know why Plaintiffs have not yet taken "one substantive deposition."  *Id.* at 2.[3]  But Mr. Welch's schedule has no effect on Plaintiffs' ability to arrange the deposition of anyone outside Morrison, including party witnesses.  Moreover, Plaintiffs' vague references to the testimony of nonparties possibly leading to additional discovery are inapposite with regard to Mr. Welch's testimony.  *See id.* at 3.  Plaintiffs served Morrison with broad document requests and have received more than fifteen thousand pages of documents from the firm, as well as large productions from Morrison's clients in the December underwriting.  *See* Letter at 1–2; Pls.' Ex. 1.  Indeed, any argument that Plaintiffs need Mr. Welch's deposition at an early juncture is belied by Plaintiffs' original plan to depose Mr. Welch shortly before the original fact discovery cut-off of January 28.  *See, e.g.*, Pls.' Ex. 3.  Compared to Plaintiffs' original timetable, even Morrison's offers of late February would provide approximately twice as much time between Mr. Welch's deposition and the close of fact discovery.

                                                                                                    Sincerely,

                                                                                                    /s/ John W.
                                                                                                    John S. Williams

cc:      All counsel of record (via ECF)

---

[2] Plaintiffs suggest that Morrison could resist a deposition subpoena by filing objections.  *See* Letter at 2 n.5.  To avoid confusion, Rule 45 allows for objections only to document subpoenas, not deposition subpoenas.  *See* Fed. R. Civ. P. 45(d)(2)(b).  In any event, Morrison has not received a subpoena for Mr. Welch's testimony.

[3] Plaintiffs' letter states that five months passed between their issuing a subpoena and Morrison first producing documents.  *See* Letter at 1.  That is only because Plaintiffs did not contact Morrison for eleven weeks following Morrison's service of objections to the subpoena.  *See* Pls.' Ex. 2; Ex. D (Aug. 13 Email from Fuks to Williams).