Cote, D.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x
IN RE PUDA COAL SECURITIES INC. :
ET AL. LITIGATION : Case No.
: 1:11-CV-2598 (DLC)
:
: CLASS ACTION
:
: ECF Case
:
:
_____ x

[PROPOSED] ORDER
REGARDING CLASS CERTIFICATION

JUDGE
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: 1/12/2015

298840.1

WEIL:\95185468\2\60851.0107

## [PROPOSED] ORDER

Based upon the stipulation of the parties and good cause appearing therefor, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court hereby certifies the additional classes:

<u>Section 11 Class</u> (against Puda, Zhao, Brean, Macquarie, Tang and Wizel):

Those persons or entities who purchased Puda shares pursuant or traceable to the public offering of Puda shares on or about December 8, 2010, and who were damaged thereby;

<u>Section 12 Class</u> (against Puda, Zhao, Brean, and Macquarie):

Those persons or entities who purchased Puda shares: (a) directly in the December 8, 2010 public offering from either Brean or Macquarie, *or* whose purchase of Puda shares was directly solicited by Puda, Zhao, Macquarie or Brean and (b) who were damaged thereby;

<u>Section 10(b) Class</u> (against Macquarie and Brean):

Those persons or entities who purchased Puda common stock *or* call options on Puda common stock *or* sellers of put options on Puda common stock, (a) during the period commencing December 8, 2010, through the market close on April 7, 2011, (b) who did not sell those securities prior to April 8, 2011, and (c) who were damaged thereby.

Excluded from each class are all defendants, other officers and directors of Puda (past and present) and members of all of their immediate families, entities in which any and all such excluded persons hold any ownership interest, and any and all heirs, successors or assigns of any of the foregoing.

SO ORDERED.

DATED: 1/12/15

Hon. Denise L. Cote
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

IN RE PUDA COAL SECURITIES INC.
ET AL. LITIGATION

Case No.
1:11-CV-2598 (DLC)

CLASS ACTION

ECF Case

----------------------------------------x

## STIPULATION AND [~~PROPOSED~~] ORDER
## REGARDING CLASS CERTIFICATION

This Stipulation is entered into by Lead Plaintiffs Salomón Querub, Howard Pritchard, and Hotel Ventures LLC, and named plaintiff Trellus Management Company LLC ("Trellus") (collectively "Plaintiffs"); and defendants Brean Murray, Carret & Co. ("Brean"), Macquarie Capital (USA) Inc. ("Macquarie") (collectively the "Underwriters"), and former Puda Coal, Inc. ("Puda") independent directors C. Mark Tang and Lawrence S. Wizel (the "Directors"):[1]

WHEREAS, on April 21, 2014, Plaintiffs filed the Second Consolidated Amended and Supplemental Complaint (the "Complaint"), which Complaint asserted claims under both the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act") against each of the defendants;

---

[1] Although defendants Moore Stephens Hong Kong (MSHK") and MSPC, Certified Public Accountants and Advisors, PC ("MSPC") (collectively, the "Auditor Defendants") did not obtain a separate judgment pursuant to Rule 54(b), they are no longer involved in the day-to-day prosecution of the action following the grant of summary judgment in their favor in June 2014.

With respect to Ming Zhao, the Court had previously certified an Exchange Act class commencing November 16, 2009, ruling that: (a) in-and-out purchasers were excluded on the basis that their claims were atypical under Fed. R. Civ. P. 23(a)(3) because they may not have suffered any losses, and a determination of class membership would involve individualized inquiries (thereby also defeating the predominance prong of Fed. R. Civ. P 23(b)(3)); and (b) purchasers of common stock and call options and sellers of put options during the portion of the class period from April 9, 2011, through October 3, 2011, were excluded because Plaintiffs had not tried to demonstrate that the market for Puda shares was efficient after April 8, 2011 (trading was halted for most of that period in the wake of the fraud). As a condition to his participation in this action, defendant Zhao agreed not to contest class certification or otherwise move to decertify the Section 10(b) class that has already been certified as to Zhao and Puda. Dkt. No. 461-1 at 4, ¶8. For this reason, he is not a party to the stipulation.

WHEREAS, on September 29, 2014, Plaintiffs moved for class certification and, on November 12, 2014, the Underwriters and Directors filed oppositions seeking to limit Plaintiffs' proposed class definitions as to them; and

WHEREAS, the parties have met and conferred regarding Plaintiffs' proposed class definitions and have agreed to the certification of the following additional classes;

IT IS HEREBY STIPULATED by the parties that, subject to the Court's approval, the following additional classes be certified[3]:

Section 11 Class (against Puda, Zhao, Brean, Macquarie, Tang and Wizel[4]):

Those persons or entities who purchased Puda shares pursuant or traceable to the public offering of Puda shares on or about December 8, 2010, and who were damaged thereby;

Section 12 Class (against Puda, Zhao, Brean, and Macquarie):

Those persons or entities who purchased Puda shares: (a) directly in the December 8, 2010 public offering from either Brean or Macquarie, *or* whose purchase of Puda shares was directly solicited by Puda, Zhao, Macquarie or Brean and (b) who were damaged thereby;

Section 10(b) Class (against Macquarie and Brean):

Those persons or entities who purchased Puda common stock *or* call options on Puda common stock *or* sellers of put options on Puda common stock, (a) during the period commencing December 8, 2010, through the market close on April 7, 2011, (b) who did not sell those securities prior to April 8, 2011, and (c) who were damaged thereby.

Excluded from each class are all defendants, other officers and directors of Puda (past and present) and members of all of their immediate families, entities in which any and all such excluded persons hold any ownership interest, and any and all heirs, successors or assigns of any of the foregoing.

---

[3] The parties reserve all rights with respect to which purchasers of Puda shares, if any, qualify as members of any particular class.

[4] Tang and Wizel are also alleged to be control persons of Puda under Section 15. Because their Section 15 liability is derivative in nature from any primary liability by Puda under Section 11 or 12, there is no Section 15 class, *per se*.

DATED: December 30, 2014        GLANCY BINKOW & GOLDBERG LLP

*[signature]*

Lionel Z. Glancy
Joshua L. Crowell (JC-0914)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
info@glancylaw.com

Robin Bronzaft Howald (RH-9974)
122 East 42nd Street, Suite 2920
New York, New York 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988

Laurence M. Rosen, Esq. (LR-5733)
Sara Fuks, Esq. (SF-6034)
Yu Shi, Esq. (YS-2182)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
info@rosenlegal.com

*Co-Lead Counsel for Plaintiffs and the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
Michael J. Wernke
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

*Additional Counsel for Plaintiffs*

GOODWIN PROCTER LLP

*Mony K. Dulhu / RRS*

Richard M. Strassberg
(rstrassberg@goodwinprocter.com)
Mark Holland
(mholland@goodwinprocter.com)

Mary K. Dulka
(mdulka@goodwinprocter.com)
Rushank R. Shah
(rshah@goodwinprocter.com)
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333

*Attorneys for Defendants
Lawrence S. Wizel and C. Mark Tang*

MOSES & SINGER LLP

*[signature]*

Robert S. Wolf
(rwolf@mosessinger.com)
Jason Canales
(jcanales@mosessinger.com)
405 Lexington Avenue, 12th Floor
New York, NY 10174

*Counsel for Defendant Brean Murray,
Carret & Co.*

WEIL GOTSHAL & MANGES LLP

*[signature]*

Greg Danilow
(Greg.danilow@weil.com)
Seth Goodchild
(Seth.goodchild@weil.com)
767 Fifth Avenue
New York, NY 10153

*Counsel for Defendant Macquarie Capital
(USA) Inc.*

**SO ORDERED:**

_____
**U.S.D.J.**

4