```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- X
                                   :
IN RE PUDA COAL SECURITIES INC.,   :   11cv2598 (DLC)
et al. LITIGATION                  :    and all member
                                   :    and related cases
This document relates to: ALL      :
ACTIONS.                           :     MEMORANDUM
                                   X   OPINION AND ORDER
---------------------------------- :
                                   :
SECURITIES AND EXCHANGE            :
COMMISSION,                        :   15cv2304 (DLC)
                                   :
              Plaintiff,           :
                                   :
          -v-                      :
                                   :
MAQUARIE CAPITAL (USA) INC., ET    :
AL.,                               :
                                   :
              Defendants.          :
                                   :
---------------------------------- X
```

APPEARANCES:

Counsel for Plaintiffs and the Class:
Laurence M. Rosen
Phillip Kim
Sara E. Fuks
Yu Shi
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016

Lionel Z. Glancy
Robin B. Howald
Robert V. Prongay
Coby M. Turner
Casey E. Sadler
Glancy Binkow & Goldberg LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067

Marc I. Gross
Jeremy A. Lieberman
Fei-Lu Qian
Pomerantz Haudek Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, New York 10017

Patrick V. Dahlstrom
Leigh Handelman Smollar
Pomerantz Haudek Grossman & Gross LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603

Frederic S. Fox
Jeffrey P. Campisi
Pamela A. Mayer
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, New York 10022

Daniel Hume
David E. Kovel
Kirby McInerney LLP
825 Third Avenue
New York, New York 10022

DENISE COTE, District Judge:

On December 2, 2016, the plaintiffs in the above-captioned class action submitted a proposed Notice of Settlement ("Notice") for approval. The Notice outlines a plan of distribution for $125,000 in settlement funds from a pending settlement with defendant Moore Stephens, P.C ("MSPC"). The Notice designates $50,000 "to fund the initial costs of hiring a receiver to take control over Puda [Coal, Inc.]'s assets and to pursue claims against Puda and [its former Chairman] in China."

In conjunction with said Notice, the plaintiffs filed a motion to appoint Robert Seiden ("Seiden") as Receiver of Puda,

2

a Delaware corporation.  On December 12, the Court issued an order directing the plaintiffs to explain why they should not be required to apply to a Delaware court for receivership over Puda.  The plaintiffs filed their responsive letter on December 14.  For the reasons set forth below, the plaintiffs' motion to appoint Seiden as Receiver for Puda is denied.

## DISCUSSION

Puda is a foreign corporation incorporated in the State of Delaware.  The plaintiffs have not identified any Puda assets located in the Southern District of New York.  Accordingly, equity does not favor the exercise of jurisdiction over Puda by this Court.  See, e.g., Rogers v. Guaranty Trust Co. of N.Y., 288 U.S. 123, 130 (1933) ("It has long been settled doctrine that a court -- state or federal -- sitting in one State will as a general rule decline to interfere with or control by injunction or otherwise the management of the internal affairs of a corporation organized under the laws of another state but will leave controversies as to such matters to the courts of the state of the domicile."); Maguire v. Mortgage Co. of Am., 203 F. 858, 859 (2d Cir. 1913) ("[I]t is alone for the state which creates a corporation to provide for its dissolution and winding up."); Frankland v. Remington Phonograph Corp., 119 A. 127, 128 (Del. Ch. 1922) ("That such other courts can administer the assets of a foreign corporation found in their jurisdiction is

3

beyond doubt.  That they can, however, go so far as to appoint a general receiver for such corporation, would on principle appear equally beyond doubt as not tenable."); 17A Fletcher Cyc. Corp. § 8554 ("[J]urisdiction can be exercised only by courts of the state in which the corporation was created. . . . Courts will not . . . appoint a receiver for a foreign corporation where to do so would amount to interference with its internal affairs."); 36 Am. Jur. 2d Foreign Corps. § 384 ("A receiver of the assets of a foreign corporation, as distinguished from a receiver of the corporation, may be appointed if the circumstances justify such an appointment."); cf. Burnrite Coal Briquette Co. v. Riggs, 274 U.S. 208, 212 (1927) (noting that a federal court may, under its general equity powers, appoint a temporary receiver over a foreign corporation "to prevent threatened diversion or loss of assets through gross fraud and mismanagement of its officers").

4

## **CONCLUSION**

The plaintiffs' motion to appoint Seiden as Receiver of Puda is denied.  The plaintiffs shall provide, by December 19, a proposal for the allocation of the $125,000 in MSPC settlement funds.

Dated:    New York, New York
         December 16, 2016

```
                          _____
                                 DENISE COTE
                          United States District Judge
```